NATHAN MORSE, administrator, *vs.* THOMAS H. E. STEARNS & others.

Middlesex. Jan. 23, 24, 1879. — Sept. 7, 1881. FIELD, DEVENS & ALLEN, JJ., absent.

If a legatee is not described in a will with exact accuracy, and the description may in some respects be applicable to different persons, each of whom claims the legacy, the executor may maintain a bill of interpleader for the determination of the person to whom the legacy is payable.

Extrinsic evidence of the conduct and the declarations of a testator is admissible to show his relation to, and state of feeling towards, any of the respective claimants of a legacy, where the legatee is not described with entire accuracy, and the description is in some respects applicable to each of the claimants.

A woman who had two nephews, one named Joseph White Sprague, and the other Joseph Sprague Stearns, by her will bequeathed a legacy "to my nephew J. S. Sprague." *Held*, that the inference was that she intended Joseph White Sprague; and that, in the absence of extrinsic evidence sufficient to control this inference, he was entitled to the legacy.

If the ambiguity of a will renders it doubtful to which of two persons a legacy shall be paid, the costs as between solicitor and client of all parties to a bill of interpleader by the executor are to be paid out of the general estate of the testator.

LORD, J. The testatrix had two nephews, one named Joseph White Sprague, and the other, Joseph Sprague Stearns; and each claims the legacy which is given in these words: "To my nephew J. S. Sprague, I give five thousand dollars."

This is a bill in equity brought by the administrator with the will annexed, to which all the legatees under the will are made parties, in order that all the others beside the two nephews may appear and show that the said bequest is void for ambiguity; because it is apprehended that the estate of the testatrix, being largely real estate, has so depreciated in value that not sufficient remains to pay all the specific legacies in the will; and the residuary legatees are made parties for the purpose of sustaining their right to have this legacy go into the residuum of the estate.

The bill was taken *pro confesso* as against all the parties except the two nephews, and they were required to interplead between themselves, each to show his right to the legacy.

There is no doubt that it is a proper subject for a bill of interpleader. From the earliest time, matters of this kind have been the subject of judicial determination, and many rules have been

established for determining to whom a legacy shall be paid, when the legatee is not described with exact accuracy, and the description of whom may in some respects be applicable to several different persons, each of whom claims the legacy.

Extrinsic evidence of the conduct and the declarations of the testator is competent. They are not to be deemed direct proof of testamentary intention, but as showing the testator's relation to, and state of feeling towards, any of the respective claimants. The language of the will is to be interpreted with reference to the subject matter and all the surrounding facts of the case. A construction is not to be given which is contradictory to the terms of the will. By this it is not meant that the construction of the language of the will must be exactly consistent with every word used in the will, but that the purpose and intention of the testator must be gathered from the language of the will taken in connection with all the surrounding and attendant circumstances.

Various other rules have been established to which it is not necessary to refer, for they are rules made necessary by the peculiar facts of the various cases, many of which have been decided upon the particular and special facts of the case. Sometimes it happens that a will is made when the testator is *in extremis*, when his voice is feeble and low, and his enunciation indistinct. Sometimes a beneficiary is spoken of by the testator by an abbreviated or by a pet name. The reported cases show many instances of these and other kinds of difficulties and obscurities; but no facts in this case make it necessary or even proper to refer to all the cases which have occurred, nor to the rules which it has been found necessary to establish in determining them. It is sufficient for us to say, that the bequest is to "J. S. Sprague," with the use of initials only to indicate the Christian name of the legatee; that that designation is more nearly applicable to Joseph White Sprague than to Joseph Sprague Stearns, inasmuch as the surname corresponds, and the variance is only in the initial letter of the middle name. It cannot be doubted that the bequest was intended for one of these nephews; and, taking all the extrinsic evidence of relation to the parties and circumstances into consideration, there is not sufficient to control the inference in favor of the nephew Sprague.

The difficulty having been created by act of the testatrix, the costs of all parties, taxed as between solicitor and client, should come out of the general estate. *Charter* v. *Charter*, L. R. 7 H. L. 364. *Deane* v. *Home for Aged Colored Women*, 111 Mass. 132.

*Decree accordingly.*

*D. E. Ware*, for J. W. Sprague.
*C. Robinson, Jr.*, for J. S. Stearns.