ROBERT H. GARDINER, trustee, *vs.* JAMES S. SAVAGE & others.

Middlesex. December 4, 1902. — January 12, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Devise and Legacy*, Construction. *Words.*

A testator left the residue of his property, after the death of himself and of his wife, to trustees, and directed that the income should be divided between a son and a daughter "for their sole and individual benefit and use and at their decease should they leave issue to descend in fee to such issue ", or in case one only of his children left issue, then the whole in fee to such issue. The son and daughter both survived the testator and his widow, and both had issue. Later the daughter died leaving children and grandchildren. *Held*, that the daughter took a life interest in one half of the property which at her death passed to her issue *per stirpes.*

In a direction in a will, that the income of a trust fund be divided equally between the testator's son and daughter "for their sole and individual benefit and use and at their decease should they leave issue to descend in fee to such issue", the words "for their sole . . . use " were held to mean their respective use, "at their decease" to mean at their respective deaths, and "should they leave issue " to mean should they respectively leave issue.

In a gift by will, in trust to pay the income to A. for life and at his death, should he leave issue, "to descend in fee to such issue", the remainder is only to such issue as A. may leave at his death, and a child of A. dying before him has no vested interest.

BILL FOR INSTRUCTIONS, filed July 28, 1902, by the trustee under the will of James S. Savage.

The case came on to be heard before *Hammond*, J., who at the request of the parties reserved it upon the pleadings for determination by the full court; such decree to be made as equity and justice might require.

*F. R. Bangs*, for the surviving life tenant, James S. Savage.

*Roland Gray*, for the children of Lucinda S. Howe.

*J. D. Colt*, guardian *ad litem* of the grandchildren of Lucinda S. Howe, submitted a brief.

*W. E. Dexter*, for Solomon H. Howe, administrator, submitted a brief.

*J. Noble, Jr.*, guardian *ad litem* of Kathryn Savage Crawford and James Sullivan Savage, 3d, also submitted a brief.

*W. R. Trask*, for the trustee.

KNOWLTON, C. J. The will of James S. Savage, late of Southboro, deceased, contains a provision as follows: "At the decease of myself and wife and after all the bequests and stipulations heretofore provided for and the requirements shall have been duly and faithfully carried out and performed I direct that the income of said property after paying the necessary and equitable charges to the trustees be divided equally between my son James and my daughter Lucinda now the wife of S. H. Howe for their sole and individual benefit and use and at their decease should they leave issue to descend in fee to such issue or in case one only of my children leaves issue then the whole in fee to such issue but should neither child leave issue then to the heirs at law in my line at which time said trust will cease." For many years the income of this property was paid by the trustees in equal shares to the son and daughter of the testator, until the death of the daughter Lucinda on April 7, 1902, leaving children and grandchildren. The question before the court is, What shall be done with the share of the property whose income has heretofore been paid to Lucinda S. Howe?

The first question is whether the words " at their decease " mean at the decease of the survivor of them, or whether the property is intended to go in equal shares to the testator's two children and their respective issue, and whether the words mean at their respective deaths. In some of its features, the case of *Loring* v. *Coolidge*, 99 Mass. 191, is similar to this, but it differs from it in material facts. In that case the property, after the

expiration of the life estates, was to go to nephews and nieces, and there was no purpose to divide the estate into two parts after the death of the life tenants. It was held that the words "at their death" meant the point of time when both shall have deceased; but Mr. Justice Wells in giving the opinion said, "These words may be, and sometimes are, construed distributively, when the nature or order of the sequent dispositions is such as to require it; as when the subsequent interests are given, *per stirpes*, to the children or other representatives respectively of those (not husband and wife) who are to enjoy the income during their lives. *Willes* v. *Douglas*, 10 Beav. 47. *Abrey* v. *Newman*, 16 Beav. 431. *Arrow* v. *Mellish*, 1 DeG. & Sm. 355. But in such cases the interpretation of the ambiguous term is governed by the apparent intent that the subsequent interests shall pass separately to each class, as succeeding to the share of the parent or other *cestui que trust* for life whom they respectively represent. Slight indications of intent are sufficient for this purpose."

This statement shows exactly the difference between the two cases. In the case at bar the intent of the testator to divide the property into two equal shares, which, after the expiration of the life estates, shall pass separately to the two classes, is plain. So when the life estate as to one half terminates, there is a plain indication that the share shall pass at once to the representatives of the life tenant. The words "descend in fee to such issue" add emphasis to this view. *Dove* v. *Torr*, 128 Mass. 38. The direction that the income be divided equally between the son and the daughter made them tenants in common, each for his own life. *Frost* v. *Courtis*, 167 Mass. 251. "For their sole . . . use," naturally means "for their respective use." The words "should they leave issue" mean if they respectively leave issue, for they were not husband and wife and could not jointly leave issue. At the decease of either leaving issue, the rights of such issue are fixed as to the part which is to "descend in fee to such issue."

*Loring* v. *Coolidge*, *ubi supra*, was decided for a reason which does not exist in this case, and which shows why the two cases call for different decisions. In that case the court says, "There is but a single class to take the whole remainder, and they *per*

*capita*, not as representatives of the brother and sister. The gift to them has no reference to their relations to the brother and sister, but only to their relations to the testatrix." We are of opinion that on the death of Lucinda S. Howe the trust as to one half of the property terminated, and that half descended to the issue that she then left, *per stirpes* and not *per capita*. *Jackson* v. *Jackson*, 153 Mass. 374. This result is in accordance with English decisions in similar cases. *Turner* v. *Whittaker*, 23 Beav. 196. *Sarel* v. *Sarel*, 23 Beav. 87. *Archer* v. *Legg*, 31 Beav. 187. *Wills* v. *Wills*, L. R. 20 Eq. 342.

The deceased son, Edward H. Howe, did not take a vested interest which descended to his mother after his death. His interest depended not only on the contingency that his mother should leave issue at her decease, but also on the contingency that he should survive her, for the estate was to descend to "such issue" as she might leave.

The other half of the property will still be held in trust, and no question pertaining to it is now before the court.

One half of the fund, with its income since the death of Lucinda S. Howe, is to be paid over to her children in equal shares.

*So ordered.*