EDWIN S. GEORGE *vs.* SAMUEL W. GEORGE & another.

Middlesex.    March 9, 1904. — May 20, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Trust*, Precatory.    *Evidence*, Extrinsic affecting writings, Declarations of deceased persons.    *Devise and Legacy.*

A testatrix devised and bequeathed all her property to a certain nephew, who had come to live with her and had taken care of her property on a promise from her that she would give him by will the principal portion of her estate.    After the gift to the nephew the will proceeded as follows : " I make this disposition of my estate as I have heretofore expressed to my said nephew my desires concerning the division and disposition of my estate and I have full confidence that he will respect my wishes and will carry them out so far as possible.    I request him to make testamentary disposition of such portion of my estate as may call for the same in his judgment.    I understand this request has no legal effect, and rely wholly upon the confidence I have in my said nephew."    *Held,* that the word " request " in the sentence last quoted did not refer merely to the word " request " in the sentence immediately preceding, but that the sentence last quoted qualified also the sentence in which the testatrix expressed full confidence that her nephew would respect her wishes and carry them out so far as possible, and that in view of the relation of the parties no precatory trust was created.

To determine whether the language of the will of a woman leaving all her property to a certain nephew creates a precatory trust, evidence properly may be admitted that eleven years before the will was made the nephew was asked by the testatrix to leave his home in another city, to take charge of her property and to make his home with her, under a promise " that if he did so she would at her decease give to him the principal portion of her estate ", this agreement being a part of the relations existing between the testatrix and her nephew.

In a suit in equity to establish a precatory trust under a will by which a testatrix left all her property to a certain nephew, who had come to live with her and had taken care of her property on a promise from her that she would give him by will the principal portion of her estate, the defendant under R. L. c. 175, § 66, may introduce declarations of the testatrix that the value of her real estate had greatly depreciated, that her personal expenses, owing to her sickness, had greatly increased so that her personal estate was diminishing rapidly, that she realized that it would diminish still more rapidly if she should live long in her present condition of health, and that her real estate had depreciated a great deal.

BILL IN EQUITY, filed June 8, 1902, to establish a precatory trust under the will of Mehitable W. Blodgett, who left all her property to the defendant Samuel W. George upon the terms therein stated, the plaintiff being a nephew and the defendants a nephew and a niece of the testatrix and the plaintiff and

defendants being all of the heirs at law and next of kin of the testatrix.

The case came on to be heard before *Loring*, J., who at the request of the parties reserved it upon the pleadings and an agreed statement of facts for determination by the full court, such decree to be entered as equity and justice might require.

The will of Mehitable W. Blodgett was as follows:

" Know all men by these presents, that I, Mehitable W. Blodgett of Haverhill in the Commonwealth of Massachusetts, widow, being of sound and disposing mind and memory do hereby make this my last will, hereby revoking all former wills by me at any time heretofore made.

" I hereby constitute and appoint my nephew Samuel W. George, the 'sole executor of this will and I respectfully pray the honorable judge of probate to exempt him from furnishing any sureties on his official bond.

" After the payment of all my debts and funeral charges and the expenses of administration upon my estate I give, bequeath and devise all the rest, residue and remainder of my estate both real and personal unto my said nephew Samuel W. George; to have and to hold the same unto him, his heirs and assigns forever.

" I make this disposition of my estate as I have heretofore expressed to my said nephew my desires concerning the division and disposition of my estate and I have full confidence that he will respect my wishes and will carry them out so far as possible.

" I request him to make testamentary disposition of such portion of my estate as may call for the same in his judgment.

" I understand this request has no legal effect, and rely wholly upon the confidence I have in my said nephew.

" In witness whereof I hereunto set my hand and declare this to be my last will in the presence of the witnesses whose names are subscribed below, this 28th day of July 1899."

Here followed the signature of the testatrix with an attesting clause followed by the signatures of three witnesses.

*F. T. Benner*, for the plaintiff.

*E. B. Fuller*, ( *C. H. Poor* with him,) for the defendant Samuel W. George.

LORING, J. We agree with the plaintiff as to the question on which the decision of this case turns. But we do not agree with him as to the answer which must be given to the question. In our opinion the testatrix did not intend that the nephew should be under any obligation to carry out the wishes she had expressed to him, but did intend that he was to be at liberty to disregard them.

The plaintiff's argument is that the paragraph " I understand this request has no legal effect, and rely wholly upon the confidence I have in my said nephew," relates only to the paragraph next preceding it, namely, " I request him to make testamentary disposition of such portion of my estate as may call for the same in his judgment," and does not relate to or qualify the paragraph next before, namely, the paragraph relied on by him. It is true that the word " request " in the sentence quoted above is in the singular, and that the word " request " appears in the sentence next before, and that that word does not appear in the paragraph before that one. On the other hand the thing dealt with in the paragraph relied on is " disposition " as well as " division," and the testatrix seems to have used the word " disposition " to express a testamentary disposition and not a division during the life of the nephew. It is also to be remarked that the " full confidence " expressed by the testatrix was not that the nephew would " respect " and " carry out " her wishes, but that he would " respect " and " carry them out so far as possible."

In determining whether the paragraph relied on by the plaintiff does or does not create a trust, it must be construed in the light of the attendant circumstances. This will was made in 1899. Eleven years before, the defendant was asked by the testatrix, who lived at Andover, to leave his home in Haverhill, take charge of her property, and make his home with her, under a promise " that if he did so she would at her decease give to him the principal portion of her estate."

Although the intention of the testatrix must be derived from a construction of the words found within the four corners of the will and resort cannot be had to verbal declarations made by her, (*Denfield, petitioner,* 156 Mass. 265,) this agreement is a part of the relations existing between the testatrix and the nephew, which are to be considered in determining the construction of the words used in the will.

It further appears that the defendant accepted the proposition and moved to Andover, and the testatrix "shortly thereafter" made a will leaving substantially her entire estate to him except a parcel of land in Andover, which was devised to Christ Church. At that time she had several house lots in Haverhill, valued at $14,000, the parcel of land in Andover valued at $6,000, and about $10,000 in personal property.

Four years later, in 1892, the testatrix and the nephew moved to Haverhill and made a home together there until her decease, "during all of which time the defendant George cared for her estate, contributed considerable sums to her household expenses and the improvement of her estate and for several years before her death, during which the testatrix was a confirmed invalid, devoted a great deal of his time, especially during the night, to her personal care." The value of the real estate "had greatly depreciated since 1895, [and] was about $300." In 1899, the testatrix said to the nephew "that her personal expenses, owing to her sickness, had greatly increased so that her personal estate was diminishing rapidly, and she realized that it would diminish still more rapidly if she should live long in her present condition of health ; that her real estate had depreciated a great deal."

We are of opinion that this statement is evidence of the facts covered by it under R. L. c. 175, § 66, and the facts are admissible as facts in the light of which the will is to be construed.*

Construed in the light of these circumstances, we are of opinion that the last paragraph is not to be confined to the paragraph next preceding it, and, further, we are of opinion that the paragraph before that, relied on by the plaintiff, does not impose a trust on the property left to the defendant. See *Aldrich* v. *Aldrich*, 172 Mass. 101, where the cases are collected.

*Bill dismissed.*

---

\* For similar extrinsic evidence admitted to show the intention of a testator that certain legacies in a codicil should be substituted for corresponding legacies in his will and not added to them, see *Gould* v. *Chamberlain*, 184 Mass. 115.