## ELLEN I. BEST *vs.* LEWIS W. BERRY.

Bristol.    October 25, 1905. — November 28, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy*, Construction.    *Evidence*, Extrinsic affecting writings.

When on the face of a will, taken in connection with all the surrounding facts, there is no ambiguity as to the subject matter of a bequest or the identity of the legatee, extrinsic evidence of the intention of the testator is not admissible to control or alter the legal intent of the testator as manifested by the will itself.

A testatrix at the time of making her will had an older son by her first husband and two younger children by her second husband whom she survived. After a legacy of $200 to her older son she gave and bequeathed all the rest and residue of her estate to her two younger children, naming them, "to be divided equally between them." One of the younger children died before the testatrix. *Held,* that the half of the residue left to the deceased child was not disposed of by the will and went as intestate estate to the heirs and next of kin of the testatrix consisting of the older son and the surviving younger child. *Held, also,* that a memorandum, in the handwriting of the testatrix found after her death with her will, was not admissible to show a declaration by the testatrix of an intention that her older son should have only the $200 bequeathed to him.

SHELDON, J.   Nancy C. Chace died February 16, 1903, leaving a will, the material parts of which are as follows:

"First. After the payment of my just debts and funeral charges, I give and bequeath the sum of two hundred dollars to my oldest son, Lewis W. Berry.

"Second. I give and bequeath the rest and residue of my estate to my younger children Elbridge G. Chace and Ellen I. Best to be divided equally between them.

"Third. I hereby nominate my son, Elbridge G. and my daughter Ellen I. sole executors of this will and request that no sureties be required on their bond as such executors."

Lewis W. Berry is the son of the testatrix by her first husband, who died in 1859, and Elbridge G. Chace and Ellen I. Best are her children by her second husband, who also died before the date of her will. At the date of the will the three children named therein were living, but Elbridge G. Chace died before the testatrix, intestate and leaving no issue. The testatrix received at least a substantial part of her property

under the will of a sister of her second husband.    The petitioner was appointed executrix of Mrs. Chace's will, and having paid all debts and charges and the legacy to Lewis W. Berry, and having a considerable residue in her hands, she brought this petition in the Probate Court to determine her rights and those of Berry under the residuary clause of said will.    She claims the entire residue, contending that it was bequeathed to a class of which she is the survivor, while the respondent Berry claims that the residue was given in equal parts to the petitioner and the deceased severally and not as members of a class, and that upon the decease of said Elbridge the share bequeathed to him descended in equal parts to the heirs of the testatrix, that is one half to the petitioner and one half to the respondent, so that the respondent is now entitled to one fourth part of such residue. The Probate Court entered a decree in favor of the respondent's contention, and the petitioner appealed.

1. After the death of the testatrix, there was found among her private papers, together with her will, a memorandum, reading as follows:

"Fairhaven, I have finished this the 7 day of December 1902, began it a month ago.

"Nancy C. Chace.

"Lewis W. Berry    Rock Elm, Wis.

"I have remembered him, it was my duty, he was a neglected child after nine years old.

"Ida M. Putny    Gilmington, Wis.

"Ellen, give her 25 dollars, is my wish

"She is my grandaughter & married

"Mary E. Berry Marinett    Wis.

"Give her 50 dollars, she is single, also my grandaughter, not strong.

"Alvira Cowley, Plymouth, Mass.

"Give my niece 50 dollars as a debt of grattitude, she & I understand

"A mat to Frank Shooks

"    "    "    "    Effie Peck

"Silk quilt to Deborah, and anything else you wish.

"Alter & Ellen what they wish.

"Give Will's folks two quilts, the same to Walter.

" You will do this for me Ellen — but give no money legacies unless you have plenty for other expences.

" Your mother

" To Ellen I. Best, Stoneham, Mass.

" This is not a legal document but you with your princaple will legalize it if necessary with without interference if so make what change you need.

" Feb. 3d, 1903.　　　　　N. C. Chace "

The authenticity of this memorandum is admitted, and it is agreed that it may be admitted in evidence, if competent; but the respondent denies its competency. The petitioner contends that the contents of this memorandum indicate an intention that Berry should have only the $200 bequeathed to him, and that the whole of the residue should go to the younger children; that it is equivalent to a declaration by the testatrix that her intention was what the petitioner now contends that it was. But the very statement of her contention is enough to overthrow it. The language of the will is to be construed with reference to the subject matter and all the surrounding facts which were known to the testatrix; her purpose and intention must be gathered from the language of the will, taken in connection with such attendant circumstances. *Gould* v. *Chamberlain*, 184 Mass. 115. *Morse* v. *Stearns*, 131 Mass. 389, 390. *Buckley* v. *Gerard*, 123 Mass. 8. And where, as here, there is no ambiguity on the face of the will taken in connection with all the surrounding facts, so that no doubt is raised as to the subject matter of the bequest or the identity of the legatee, extrinsic evidence of the intention of the testatrix is not admissible to control or alter her legal intent as manifested by the will itself. *Lincoln* v. *Perry*, 149 Mass. 368. *American Bible Society* v. *Pratt*, 9 Allen, 109. *Tucker* v. *Seaman's Aid Society*, 7 Met. 188.

Accordingly the memorandum was not admissible to show the intention of the testatrix.

2. The residuary clause in the will must be regarded as making separate bequests to Elbridge G. Chace and the petitioner, and not one bequest to them considered as a class. There is nothing to indicate that these words are, as argued by the petitioner, merely the chance expression of the scrivener. The general

rule is " that when an aggregate fund is bequeathed to several legatees, to be divided among them, *nominatim*, in equal shares, if any of them die before the testator, what was intended for them will lapse." Metcalf, J. in *Jackson* v. *Roberts*, 14 Gray, 546, 550. And the same rule has been often affirmed and followed by this court. *Lyman* v. *Coolidge*, 176 Mass. 7. *Powers* v. *Codwise*, 172 Mass. 425. *Frost* v. *Courtis*, 167 Mass. 251. *Workman* v. *Workman*, 2 Allen, 472. *Sohier* v. *Inches*, 12 Gray, 385. *Gardiner* v. *Savage*, 182 Mass. 521, 523.

It is true that this rule will not be enforced when it plainly appears from the will that the testator intended that the survivors of such legatees should take the whole fund bequeathed, as in *Swallow* v. *Swallow*, 166 Mass. 241, and *Jackson* v. *Roberts*, 14 Gray, 546, though the language of the court in the cases just cited and in *Sohier* v. *Inches*, 12 Gray, 385, shows that this limitation must be applied with some strictness. We find no sufficient circumstances in the case at bar to prevent the application of the general rule.

The result is that the contention of the respondent must be sustained and the decree of the Probate Court affirmed.

*So ordered.*

*J. J. O'Connor & W. J. Corcoran*, for the plaintiff, submitted a brief.

*W. E. Fuller, Jr.*, (*A. S. Phillips* with him,) for the defendant.