MARY POLSEY & another *vs.* JOHN F. NEWTON, JR., executor & trustee, & others.

Suffolk.    December 3, 1907. — September 4, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Probate Court. Equity Jurisdiction,* To "remould" will. *Will. Devise and Legacy.*

There is no jurisdiction in equity to "remould," reform or correct an instrument already admitted to probate as a will.

A bill in equity in the Probate Court alleged that by the terms of a will certain personal property was placed in trust for the benefit of the testator's son N. and his wife, for life and, "upon the death of the survivor of them, my said son N. and his wife, to . . . transfer [said property] in equal shares to their three children," that the will had been proved, that, at the time the will was made, neither N. nor his wife had had children, but the testator had three grandchildren (two of whom were plaintiffs, the third having deceased), children of a daughter and of a son, and had intended to mention them in his will instead of three children of N. and his wife, and had given the scrivener who wrote the will such directions, but that the scrivener made an error, that at

the time of the filing of the bill in equity N. and his wife both were living, fifty years old and childless. The defendants were the trustee, N. and his wife, and another son of the testator and such son's wife. The prayer of the bill was that the will be "remoulded and corrected in that the words ' their three children ' be construed as and for the words ' my three grandchildren,' . . . and that the language . . . be made to conform to the facts." The defendants demurred. This court were unanimously of the opinion that the demurrer should be sustained on the ground that there is no jurisdiction in equity to "remould," reform or correct a will after it has been admitted to probate. A majority of the court were of the opinion that the demurrer also should be sustained on the additional ground that, upon the will being construed in the light of the facts alleged in the bill, it expressed without reformation the intention of the testator in accordance with the plaintiff's contention, LORING & BRALEY, JJ., dissenting.

BILL IN EQUITY, filed in the Probate Court for the county of Suffolk, December 8, 1906, by two children of a daughter of Mary E. Wilbur, deceased, testate, against the executor of and trustee under the will of the testatrix, and Nathan S. and Ivory B. Wilbur, sons of the testatrix, and their wives. The principal allegations in the bill are stated in the opinion. Others were that the testatrix made her will in 1900, when she was seventy years old, that she died in 1903, and that the will was probated in 1905.

The prayer of the bill was in the following words: " Wherefore your petitioners pray that said article ten be remoulded and corrected in that the words ' their three children ' be construed as and for the words ' my three grandchildren,' in order to carry out the purpose and intent of the testatrix, and that the language in said article be made to conform to the facts existing at the making of the will as hereinbefore set forth; and for such further relief as may appear necessary."

The defendants demurred upon the following, among other grounds:

1. That the bill did not set forth or present any cause or matter within the equity jurisdiction of this court.

2. That the plaintiffs had not in and by their said bill stated such a case as entitled them to the relief prayed for, or any relief against these respondents or any of them.

3. That the bill did not set forth or specify any uncertainty, ambiguity or manifest error appearing upon the face of said will.

4. That the bill in effect asked the court to amend the will of said deceased, after it had been duly admitted to probate,

and so as to effect a different disposition of said one hundred shares of the stock of the Boston Wharf Company, than was provided by will and the laws of this Commonwealth.

5. That the bill was not, in substance and effect, a petition for construction of said will, or of any provisions thereof, but a petition to this court to amend said will, and to insert testamentary provisions therein which are distinctly averred in said petition to have been omitted therefrom.

6. That the plaintiffs were not the proper parties to present any bill for construction of said will, but that, if any provision of said will were ambiguous, or any doubt existed as to the meaning thereof, the executor would be the proper party, and the only party, to apply to this court for its instructions.

7. That this court has no power to remould the will of said deceased, as prayed for in said petition, if by " remould " is meant or intended any change or alteration in the terms or language of said will, or in any testamentary intention therein expressed.

8. That no occasion had arisen requiring any judicial interpretation or construction of said will, or any action thereon by the court.

There was a hearing before *Grant*, J., who sustained the demurrer.   On appeal to this court, the case was heard by *Braley*, J., who reserved it for consideration by the full court.

Other facts are stated in the opinion.

The case was submitted on briefs at the sitting of the court in December, 1907, and afterwards was submitted on briefs to all the justices.

*J. K. Berry & E. C. Upton*, for the plaintiffs.

*J. W. Pickering*, for the defendants.

RUGG, J.   The bill alleges among other matters that there is a mistake apparent upon the face of the will of Mary E. Wilbur, deceased, in respect of clause " Tenth," which is : " I give and bequeath to said John F. Newton Junior one hundred (100) shares of the Boston Wharf Company, but in trust nevertheless, to hold and manage the same and pay the net income thereof to or for the use of my son, said Nathan S. Wilbur, for and during his life : and from and after his decease to pay said income to the wife of my said son, for and during her life ; and upon the death of the survivor of them, my said son Nathan S. Wilbur and

his wife, to pay, transfer and deliver said one hundred (100) shares of stock, or, in case the same shall have been sold by my said trustee, the proceeds thereof, in equal shares, to their three children, and the survivor of them, free and discharged of all trusts." The petition further alleges that at the time of the execution of the will the said Nathan S. Wilbur and his wife never had had any children, and did not have three children, as the testatrix well knew, and are now about fifty years of age, but that at the time of the execution of the will the testatrix did have in all three grandchildren, two daughters of her daughter (who are the plaintiffs) and a son (since deceased), of a son other than said Nathan S., of all of whom she was fond. The petition sets forth at length oral evidence to show that the testatrix intended her three grandchildren to be the residuary legatees after the life estate created by said clause, and that there was a mistake of the scrivener in drafting the will. The prayer is that the will may be remoulded and corrected so as to express this intent of the testatrix. The respondents demur on the grounds, among others, (1) that upon the allegations in the petition there is " no ambiguity, uncertainty or manifest error " in the language of the will, and (2) that there is no jurisdiction in equity to reform or correct an instrument once admitted to probate as a will. Both of these questions are fairly presented for determination by the pleadings. The demurrer must be sustained upon both grounds.

1. The language of a will is to be construed in the light of all the knowledge possessed by the testator as to the subject matter. Oral evidence is admissible for the purpose of showing every material circumstance attendant upon one who executes a will, in order to ascertain as nearly as possible with what purpose the words were employed. *Best* v. *Berry*, 189 Mass. 510. The testatrix knew that her son Nathan and his wife had no children, and also that she had three grandchildren, and that she was fond of all of them. Children of her son Nathan and his wife would of necessity be her grandchildren. The phraseology she used imports an unmistakable intent to give the remainder, at the expiration of the life estate, to her, the testatrix's, three grandchildren. The sentence written in the will employs an abbreviated paraphrase to express this intent. The paraphrase, as applied to the circumstances of the testatrix, taken narrowly

and literally, is meaningless, for the reason that Nathan had no children. But she had three grandchildren, and makes clear the intent by the words actually used. This intent ought to be given effect. The exact meaning of the words, written in such a way as to express the relations more fully, is " my three grandchildren, the children of my son Nathan and his wife." The words " my three grandchildren " are by necessary intendment in the will, for the testatrix knew that they were an unavoidable part of the description. If she had used language to state fully that which the will says in brief, she would have employed the twelve words just included within the quotation marks, and the instrument may be treated as if expressed in this form. But then it appears that the words " the children of my son Nathan and his wife" are inapt, as they never had any children. It is permissible to eliminate superfluous words, when those remaining, in connection with all the circumstances, indicate the meaning intended. Discarding these words, the sense is clear, and the clause is intelligible as applied to the descendants of the testatrix. *Metcalf* v. *Framingham Parish*, 128 Mass. 370. *Morse* v. *Stearns*, 131 Mass. 389. *Millerick* v. *Plunkett*, 187 Mass. 97. *In re Smith*, 35 Ch. D. 558. *De Rosaz*, 2 Pro. D. 66. This is a sufficient ground for demurrer.

2. There is no power in equity to reform a will duly admitted to probate. The power to dispose of property by will must be exercised by an instrument in writing, except that a soldier in actual military service or a mariner at sea may make oral transmission of his personal property. R. L. c. 135, §§ 1, 6. The written instrument is the final and unalterable expression of the purpose of the testator. The power of the court is limited to interpretation and construction. It cannot make a new will. To allow the reformation of a will in favor of disappointed devisees or contesting heirs and upon such evidence as they might produce after the death of the testator, would open the door for fraud and perjury to substitute designs of interested beneficiaries for the deliberately expressed intent of a testator. It is the policy of our law to restrict rather than extend the opportunities for the establishment by oral testimony of interests in the estates of deceased persons. R. L. c. 74, § 6. It may sometimes happen that, upon undisputed facts an unfortunate mis-

take has occurred, but a rigid adherence to a fixed and easily understood general rule will accomplish substantial justice. *Lincoln* v. *Perry*, 149 Mass. 368. *Denfield, petitioner*, 156 Mass. 265. *George* v. *George*, 186 Mass. 75. *Best* v. *Berry*, 189 Mass. 510. *Yates* v. *Cole*, 1 Jones Eq. 110. *Rhodes* v. *Rhodes*, 7 App. Cas. 192. *Karunaratne* v. *Ferdinandus*, [1902] A. C. 405, 413. *Harter* v. *Harter*, L. R. 3 P. & D. 11.

*Decree of Probate Court affirmed.*

Justices LORING and BRALEY agree with the majority of the court that, if a will duly executed is not in conformity with the instructions given to the draftsman who prepared it, the fact that he made a mistake does not enable the court on a bill in equity to recast the will for the testator in accordance with those directions. Having been admitted to probate, the will of the testatrix can be construed as it came from her hands, but it cannot be altered, or " remoulded " by amendments. *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95, 98. *Box* v. *Barrett*, L. R. 3 Eq. 244. *Charter* v. *Charter*, L. R. 7 H. L. 364, 377. *Guardhouse* v. *Blackburn*, L. R. 1 P. & D. 109. *In the matter of the Clergy Society*, 2 K. & J. 615. *Harter* v. *Harter*, L. R. 3 P. & D. 11, 22.

But they are unable to concur in what is said in the opinion as to the true construction of the will. In their view, in construing a will it is not permissible to read into the instrument words descriptive of those who are to take as legatees predicated on 'words found there, and then, on extraneous facts, read out the original words, and give the property to persons who are not within its provisions as admitted to probate. *Boston Safe Deposit & Trust Co.* v. *Buffum*, 186 Mass. 242, 243. The petitioners are not " children " of her son who is expressly named, but of her daughter to whom no reference is made. They cannot be brought within the bequest unless article ten is bodily reformed by the elimination, substitution and addition of words by which in legal effect this clause not only is radically recast, but is made to express an entirely different disposition of her estate. If the legatees had been described in terms which were applicable to more than one person, extrinsic evidence would have been admissible to indicate who were meant by a designa-

tion which either wholly or partially applied to all of them. The admission of this class of evidence does not vary the will. It only places the court in a position to determine upon equivocal facts what the testator meant. *Wadsworth* v. *Ruggles*, 6 Pick. 62. *Cleverly* v. *Cleverly*, 124 Mass. 314. *Morse* v. *Stearns*, 131 Mass. 389. *Best* v. *Berry*, 189 Mass. 510, 512. A misdescription in one clause may be corrected from the language of the context when applied either to persons or property, and the will made intelligible. But a construction cannot be adopted which is directly opposed to the clear and apt meaning of the language which the testatrix chose to employ, even if when the will is applied no persons are found answering the description. *Tucker* v. *Seaman's Aid Society*, 7 Met. 188, 208. *Osborne* v. *Varney*, 7 Met. 301. *Towle* v. *Delano*, 144 Mass. 95, 98, 99.

They further deem it important to direct attention to the fact that the true construction of this will is not now decided. Until the death of the survivor of the tenants for life, that question does not arise. *Bullard* v. *Chandler*, 149 Mass. 532, 538, and cases cited. *Peabody* v. *Tyszkiewicz*, 191 Mass. 317, 322. In their opinion, the attempt to forestall the decision of the court as it may be constituted when that question is presented, is not only inadvisable, but judicially impossible.

If it were the judgment of the court that the will could be rectified according to the prayer of the bill, then, if doubtful, the question of construction might be considered. But as the court unanimously holds that the will cannot be reformed, whatever its proper construction may be, the consideration of this question is wholly unnecessary, and, the discussion of it being indecisive, forms no part of the adjudication in the case. *Cohens* v. *Virginia*, 6 Wheat. 264, 298. *Carroll* v. *Carroll*, 16 How. 275, 287.