JOHN A. AIKEN, executor, *vs.* THOMAS L. COMSTOCK, executor, & others.

Franklin.    May 20, 1915. — June 21, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Devise and Legacy,* Residuary clause, Lapsed legacy, Intestacy.

A testator who was of advanced years, was familiar with the law and apt and proficient in the power of declaring and expressing his thoughts, at the close of a will drawn by himself and containing many carefully framed provisions giving legacies to many relatives according to a definite plan, provided "In the event of the lapse of any one of these legacies by the death of a legatee, I wish the lapsed legacy to be equally divided between the other members of that branch of the family to which this belonged." The next provision gave the rest and residue of the testator's property "divided into seven equal parts . . . one share each" to seven persons specifically named. One of these seven persons died before the testator without issue surviving. *Held,* that the provision preceding the residuary clause could not be read into it, and that therefore there was an intestacy as to one seventh of the residuary estate.

PIERCE, J.    This is a bill in equity for instructions, brought in the Probate Court by the executor of the will of James S. Grinnell, who died on September 4, 1900, at the age of seventy-nine years, leaving a widow, no issue, and sixteen heirs at law. The will, which was drawn and executed by the testator himself, was admitted to probate on October 4, 1900.*

* Ella L. G. Ripley, one of the respondents, appealed from the decree of the Probate Court. Pending the determination of the case on appeal, she died and Thomas L. Comstock, the executor of her will, was admitted as a party to prosecute the appeal in behalf of her estate.

At the date of the will the testator was seventy-four years of age. He had been a member of the bar and in his early life a practitioner of the law at Greenfield, Massachusetts. In the sixties he became a clerk in the department of Agriculture at Washington, and subsequently was the chief clerk of the Patent Office there. In the eighties he retired from the Patent Office and returned to Greenfield, where he lived the life of a country gentleman interested in the civic concerns of the town and devoted to agriculture, of which he was an enthusiastic patron in his private life. He was a member of the State Board of Agriculture and a trustee of the Massachusetts Agricultural College. He was a lover of books, and his library was extensive and varied.

His widow, Katherine R. Grinnell, died on December 29, 1913, without issue, and leaving a will which was duly allowed. Among the heirs and legatees of James S. Grinnell were a sister, Ella L. G. Ripley, a brother, and nineteen nephews and nieces.

In the disposition of his property he gave to his sister a home for life, an annuity of $300, and a legacy which by reason of the death in the lifetime of the testator of a co-legatee became $10,000. To all and to every nephew and niece and to a deceased nephew's wife legacies were given. To three of them was given as great a sum as $8,000; to no one was less given than $200. In the scheme of the will there was given, with a single exception, a like sum to each member of the branch of which a brother or sister was the parent stock, although the members of each branch did not always receive the same gift as the members of some other branch. To the brother nothing was given directly, the testator providing for gifts to the brother's children and to the wife of a deceased son, in manner and method similar to gifts to the children of deceased brothers and sisters.

The testator then provided that "In the event of the lapse of any one of these legacies by the death of a legatee, I wish the lapsed legacy to be equally divided between the other members of that branch of the family to which this one belonged." The possibility that all property had not been entirely disposed of led to this provision which immediately followed that above quoted: "The rest of my property if there be any not appropriated in this will I wish divided into seven equal parts and distributed as follows to wit one share each" to seven persons specifically named.

Among these residuary legatees was Elsie L. Comstock, a niece, who died without issue surviving before the death of the testator.

No one seriously claims, nor could any one properly claim, that the residuary legatees took as a class. *Sohier* v. *Inches,* 12 Gray, 385. *Best* v. *Berry,* 189 Mass. 510. The appellant contends that the seventh share bequeathed to Mrs. Comstock did not lapse at her death, but by reason of the provision relating to lapsed legacies devolved upon her as the sole representative of that branch of the family to which Mrs. Comstock belonged. The judge of probate refused to adopt this construction and decreed "that said one-seventh part of the residuary estate of said testator is intestate property and to be distributed to the heirs at law of said James S. Grinnell." From this decree the appellant appealed to this court.*

The phrasing of the will clearly demonstrates that the testator was not only familiar with the law but was apt and proficient in the power of declaring and expressing thoughts, wishes and purposes through the medium of the written word. He specially provided against the contingency of death and lapsing in the branch of his deceased sister Harriet McCulloch's family. After he had (as he apparently thought) disposed substantially of all his property he made the general provision providing for the contingency of death and lapsing of legacies.

The very next clause provides for any residuary estate.

He could not have failed to have in mind, when drawing this final provision, that there was the same ever present contingency of death, lapsing and intestacy that attached to all other gifts against which he had solicitously guarded. It is not given to us to read into the residuary clause the preceding clause because we think the testator forgot to do so or thought he had done so, when so far as we know or can ascertain from the terms of the manifestly carefully drawn will the omission was designed.

It follows that the decree of the Probate Court must be affirmed.

*So ordered.*

The case was submitted on briefs.

*S. D. Conant,* for Thomas L. Comstock, executor.

*E. L. Shaw,* for Laura M. Moir and Anna W. Russell.

---

* The case was reported by *Crosby,* J., upon the bill, answers and appeals for determination by this court.