FREDERICK H. CHAMBERLAIN, trustee, *vs.* DAVID M. VAN
HORN & others.

Worcester. September 24, 1923. — October 16, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Trust,* Construction of instrument creating trust, Validity. *Marriage and
Divorce. Evidence,* Extrinsic affecting writing.

A provision in an instrument creating a trust, executed in the lifetime of the
settlor, directing the payment at the death of the settlor of $3,000 to the
settlor's nephew "on condition that at the time of the death of" the
settlor the nephew "is not married to his present wife," is not invalid as
holding out an inducement to the nephew to separate from his wife or as
being in restraint of marriage.

The language of the provision above quoted was unambiguous, and it could
not be enlarged or restricted by evidence, which was undisputed, to the
effect that the settlor objected to his nephew's marriage and was unfriendly
and hostile to the nephew's wife not only when the memorandum was made,
but up to the time of his death, that the nephew was ignorant of the condi-
tions of the memorandum, and that several years before the settlor's death
he had said to his nephew, "If you will get rid of her, I will make you the
richest of the family."

PETITION, filed in the Probate Court for the County of
Worcester on February 27, 1923, by the trustee under
written instruments executed on October 2, 1915, by George
T. Aitchison, who died on April 27, 1920, the instructions
sought being, whether the $3,000 disposed of in the paragraph
of a memorandum described in the opinion, should be paid
to David Melvin Van Horn or should be distributed among
Willis E. Sibley, administrator of the estate of Berger V.
Van Horn, Virginia Walcott, Harry F. Aitchison and
Effingham H. Aitchison.

The petition was heard in the Probate Court by *Forbes,* J.
The following facts were not in dispute: The instruments
provided that, upon the death of Aitchison, the trustee
should distribute the trust estate " among the persons and
in the amounts stated in a memorandum signed by said
Aitchison and said Chamberlain," the petitioner. The mem-
orandum referred to contained a list of donees under the

trust instruments and the amounts they severally were entitled to receive. In this list of more than thirty donees appear the words quoted in the opinion. David Melvin Van Horn was married to " his present wife " on July 16, 1913, was still married to her on October 2, 1915, when the memorandum was made, and also at the time of the death of Aitchison. He did not know of the existence of the conditional donation nor of the existence of the memorandum or the trust instruments until after the death of Aitchison. He was a nephew of Aitchison and for several years was in his employ. Aitchison objected to his marriage. The relations between Aitchison and Van Horn remained friendly after this marriage and Van Horn made calls upon Aitchison and occasionally visited him until not long before his death. Aitchison was unfriendly and hostile to Van Horn's wife, before and after said marriage, and he refused to receive calls or visits from her. Several years before his death he said to Van Horn, " If you will get rid of her, I will make you the richest of the family."

A decree was entered directing that the petitioner distribute the fund of $3,000 in equal shares to and among the respondents, Willis E. Sibley, administrator of the estate of Berger V. Van Horn, Virginia Walcott and Effingham Aitchison. David M. Van Horn appealed.

*E. A. Ryan,* for David M. Van Horn.

*G. S. Taft,* for Sibley and others.

BRALEY, J. The right of the respondent David M. Van Horn, a nephew, to participate in the distribution of the property of his deceased uncle George S. Aitchison of which the petitioner is the trustee, is to be determined by the construction of the following clause in the memorandum provided for in the instruments of settlement and duly executed by the settlor and the trustee: " David Melvin Van Horn, nephew, $3,000.00, Worcester, Mass. (On condition that at the time of the death of George T. Aitchison said David Melvin Van Horn is not married to his present wife)." It is contended by the respondent that, the condition being in restraint of marriage, he is entitled to the gift.

It is settled that precedent conditions annexed to a gift

to either spouse which tend to induce husband and wife to separate, or to obtain a divorce, are void because they are subversive of public morality, and destructive of the status of marriage, the integrity of which should be fostered and sustained. *Coe* v. *Hill*, 201 Mass: 15, 21, and cases cited. But the clause in question is not open to this vice. It is of no consequence that the settlor objected to his nephew's marriage and was unfriendly and hostile to his wife not only when the memorandum was made, but at his death, or that the nephew was ignorant of the conditions of the memorandum, and that several years before his death he said to his nephew, "If you will get rid of her, I will make you the richest of the family." The intention of the settlor and the validity of the condition is to be ascertained from the unambiguous language used, which cannot be enlarged or restricted by extrinsic evidence. *Best* v. *Berry*, 189 Mass. 510. The wording of the gift holds out no inducement to the nephew to separate from his wife. *Cowley* v. *Twombly*, 173 Mass. 393. *Coe* v. *Hill*, *supra*.

The condition having been valid, the failure of the respondent to bring himself within it deprives him of any share in the trust estate, and the decree of the court of probate should be affirmed.

*Ordered accordingly.*