GERTRUDE F. SAUCIER & another, trustees, *vs.*
GERTRUDE F. SAUCIER & others.

Norfolk.    March 24, 1926. — May 27, 1926.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy*, Construction against intestacy. *Evidence*, Extrinsic affecting writing, Presumptions and burden of proof.

In the construing of a will of doubtful meaning, evidence is admissible to show the circumstances existing and known to the testator at the time he made the will.

Evidence of statements by a testator as to his intention in using certain unambiguous language in his will and giving his own interpretation of that language is inadmissible in determining what was his intention as expressed in his will.

A construction of a will resulting in partial intestacy is not to be adopted unless plainly required.

A testator, at a time when he owned property yielding about $18,000 annually and believed that his annual income would exceed $20,000, made a will in which he established a trust with the following provisions: "I further will and direct that out of the income . . . of my said estate . . . my said trustees . . . shall pay to my said wife, during her life, three fourths of such income, . . . , provided the same does not exceed the sum of $20,000 per annum, any and all excess above said $20,000 from said . . . income . . . shall be divided and paid by my said trustees, in following proportions: . . ." There were further provisions for distribution of such excess and of the principal upon the death of the wife among three other persons. The testator was very fond of his wife, traveled with her extensively, and made lavish expenditures for her. Her sister lived with her and was dependent upon her for her support, as the testator knew. After his death, his property, which he had thought worth $750,000, yielded only $117,000 and a total annual income of less than $7,000. Upon a petition by the trustee for instructions, a decree was entered in the Probate Court that the trustee pay to the widow the entire income of the trust up to but not in excess of $20,000. Upon appeals by the other beneficiaries, it was *held*, that

(1) The purpose of the testator would be accomplished by interpreting the will to mean that the widow was to have the entire income of the property up to but not in excess of $20,000 per year, and that the provision for payment to her of three fourths of the income was not intended to apply until she had received that sum;

(2) No intestacy as to one fourth of the income was necessary;

(3) The decree was affirmed.

PETITION, filed in the Probate Court for the county of Norfolk on March 4, 1924, by the trustees under the will of Francis X. Saucier, late of Needham, for instructions.

There was a hearing by *Campbell*, J. Material facts and evidence are described in the opinion. A decree was entered directing the petitioner to pay to Gertrude F. Saucier the entire net proceeds of the income, rents, profits and interest of the trust up to but not in excess of $20,000. The respondents Corinne Parent, Joseph Fontaine and Francis X. Trepanier appealed.

The case was submitted on briefs.

*H. V. Cunningham,* for the respondent Francis X. Trepanier.

*J. E. Swift,* for the respondent Joseph Fontaine.

*G. L. Mayberry, L. A. Mayberry,* & *J. M. Gibbs,* for the respondent Gertrude F. Saucier.

SANDERSON, J.  This is a bill for instructions brought by trustees under the will of Francis X. Saucier. The testator married Gertrude F. Saucier November 24, 1916. He made his will February 18, 1921, and died April 18, 1923, at the age of sixty-eight. After providing that his wife should have his real estate in New Hampshire, his wearing apparel, jewelry, personal effects and cash on hand at the time of his death, giving legacies of $500 each to a niece and a nephew, and providing for the discharge of any indebtedness of another nephew, he bequeathed and devised the residue of his estate to trustees with directions in part in the following terms: "I further will and direct that out of the income, rents, profits, and interest of said trust estate . . . my said trustees . . . shall pay to my said wife, during her life, three fourths of such income, rents, profits and interest, provided the same does not exceed the sum of Twenty thousand ($20,000.00) dollars, per annum, any and all excess above said twenty thousand ($20,000) dollars, from said profits, rents, interest and income from said trust estate shall be divided and paid by my said trustees, in following proportions: . . ." Provision is then made for the payment of one half of such excess to Dr. Francis X. Trepanier during his life and at his death to his heirs; one fourth to Joseph Fontaine during his life; and one fourth to Corinne Parant during her life and at her death to her heirs. Upon the death of the testator's wife the trust estate is to be divided among the same persons who are entitled to the excess of income above $20,000, with provision for increasing the share of Trepanier in case Fontaine is not living at the death of Mrs. Saucier.

When the will was made, the testator owned a stock ranch in Cuba from which his whole income, estimated then to be about $18,000, was derived. He believed that his income would exceed $20,000 per year. Before his death he sold the real estate in New Hampshire. There was a material reduction in the value of his property in Cuba after the will

was made, but he considered the ranch and stock upon it to be worth $400,000, and there was evidence tending to show that at an earlier time he considered the property worth $750,000. It was sold by his executors for $117,260.90 after paying all expenses, and the total annual income of the trust was, at the time of the trial, less than $7,000. The questions asked by the trustees are, whether they should accumulate the one fourth of the income which is not disposed of, or treat it as intestate property, or pay it to the widow, Gertrude F. Saucier, who contends that she is entitled to the entire income up to $20,000.

No provision is expressly made for the disposition of one fourth of the net income in the event that has occurred. The judge of probate made a report in which he found that the testator clearly intended to give Mrs. Saucier the entire income provided it did not exceed $20,000; that he did not intend that one fourth of it, if less than $20,000, should be intestate estate; and that he intended to dispose of all his property by will. A decree was entered directing the trustees to pay the widow the entire income of the property up to but not in excess of $20,000 per annum.

Two depositions, made a part of the record, were admitted, subject to the respondents' exception, for the sole purpose of showing the testator's intention. The exception seems to be to the depositions as a whole. Much of the evidence contained therein was admissible on well established principles to show the circumstances existing and known to the testator at the time he made the will. *Polsey* v. *Newton*, 199 Mass. 450, 453. If the exception to the depositions should be assumed to be broad enough to refer to each question, it is clear that those which call for the testator's statements as to his intention in using the language in the will and giving his own interpretation to that language were inadmissible. *Crocker* v. *Crocker*, 11 Pick. 252. *Weston* v. *Foster*, 7 Met. 297. *Bodman* v. *American Tract Society*, 9 Allen, 447. *Foster* v. *Smith*, 156 Mass. 379, 385. *Gould* v. *Chamberlain*, 184 Mass. 115, 121. *Best* v. *Berry*, 189 Mass. 510. *Kingman* v. *New Bedford Home for Aged*, 237 Mass. 323, 326. *Moffatt* v. *Heon*, 242 Mass. 201. In construing

the will we can give no consideration to that part of the evidence. *Faulkner* v. *National Sailors' Home,* 155 Mass. 458. *Ames* v. *Ames,* 238 Mass. 270. See *Smith* v. *American Missionary Association,* 240 Mass. 26, 29. "It is the policy of our law to restrict rather than extend the opportunities for the establishment by oral testimony of interests in the estates of deceased persons." *Polsey* v. *Newton,* 199 Mass. 450, 454.

The testator showed great fondness for his wife up to the time he died. They lived in Cuba on the ranch most of the year and had their summer home in New Hampshire, in a house which cost the testator approximately $33,000. They had servants and entertained in both places, travelled extensively and always stopped at expensive hotels. He made his wife presents of diamonds and other jewelry and gave her a monthly allowance. Mrs. Saucier's sister lived with her and was dependent upon her for support as the testator knew.

It is evident that one of the purposes, if not the only purpose, of the testator in establishing the trust was to make provision for his wife during her life. The other three persons named were not to share in the income unless it was in excess of a certain sum. It would be inconsistent with his expressed wish to hold that one fourth of the income now produced should be paid to or accumulated for them. The question then to be decided is, whether this one fourth of the income is to go to Mrs. Saucier or to be distributed as intestate property.

The general presumption is that one who makes a will intends to dispose of the whole of his property and leave no intestate estate. "A construction of a will, resulting in intestacy is not to be adopted unless plainly required." *Hedge* v. *State Street Trust Co.* 251 Mass. 410, 412. When an intention to dispose of the whole estate appears, a partial intestacy should not be recognized unless the deficiencies are such as to compel it. *Boston Safe Deposit & Trust Co.* v. *Coffin,* 152 Mass. 95, 99.

"If the 'whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words, the court

must supply the defect by implication, and so mould the language of the testator as to carry into effect, as far as possible, the intention which it is of opinion that he has on the whole will sufficiently declared' . . . . But the intent so to be carried into effect must be one which appears from the terms of the instrument." *Bailey* v. *Bailey*, 236 Mass. 244, 247.

It is possible to construe the language used to mean that the widow is to have three fourths of the total income provided that total income does not exceed $20,000. Upon that construction if the total income should exceed $20,000 the will could be interpreted to mean that she would receive nothing by its express terms and that only the income in excess of $20,000 had been disposed of. A construction of the will which might give no part of the income to the testator's wife would fail to carry out his intention.

It is also possible to construe the language to mean that the widow is to receive three fourths of the income provided that portion does not exceed $20,000. Upon that construction it could be contended that she would receive nothing if the total income was so large that three fourths of it would be more than $20,000. If the expression "all excess above said twenty thousand ($20,000.00) dollars, from said . . . income" be construed to refer to excess above three fourths of the income only, then no matter how large the income might be one fourth would be held to be undisposed of, if the words should be literally construed.

If the will should be construed to mean that the widow is to receive three fourths of the income provided that three fourths does not exceed $20,000, and the parties entitled to the excess take what remains of total income above $20,000, they could be found to be entitled to all income in excess of $20,000 if it should happen that three fourths of the income did not exceed $20,000. But to reach this result the word income as used twice in the same sentence would have to be construed to have two different meanings, and a substantial part of the income would remain undisposed of unless the total income was large enough for three fourths of it to be $20,000 or more.

None of these results would carry into effect the intention of the testator as disclosed by the terms of the will, interpreted in the light of the circumstances existing at the time of its execution. He did not provide in terms for the event that has happened, but it is apparent that he intended those sharing in the excess to get none of the income unless it amounted to more than $20,000. His intention that his wife should receive $20,000, if the estate produced it, is indicated by the fact that only the excess above $20,000 is given to others, by the emphasis he placed on this sum for her by expressly limiting the amount which she was to receive to that sum if the income should be so large that three fourths of it would be $20,000 or more, and by the fact that a literal interpretation of his words would lead to a disposition of his property which would defeat the apparent purpose of the will. In the event that has happened it is not necessary to reach the conclusion that there is an intestacy as to one fourth of the income, but the purpose of the testator will be better accomplished by interpreting the will to mean that Mrs. Saucier is to have the entire income of the property up to but not in excess of $20,000 per annum, and that the provision for payment to her of three fourths of the income was not intended to apply until she had received that sum.

The decree of the Probate Court directing the trustees to pay the widow the entire net income of the trust up to but not in excess of $20,000 is affirmed.

*Ordered accordingly.*