HARVARD TRUST COMPANY, executor and trustee, *vs.* ARCHIE N. FROST, trustee, & others.

Middlesex.    November 15, 1926. — January 21, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Probate Court,* Exception to answer, Appeal.   *Devise and Legacy,* Exercise of power.   *Power.*   *Evidence,* Extrinsic affecting writing.

An exception to an answer to a petition in equity in a probate court will not lie and an appeal from an interlocutory decree allowing such an exception cannot be considered by this court and must be dismissed.

A provision in a will, "I give them all my property, real personal or mixed for the purposes hereinafter named," is an unambiguous statement of an intention of the testator to dispose of all his property, and as a matter of law, where nothing to the contrary appears in the will, is presumed to be an intended exercise of a power of appointment which was the testator's; and therefore, in a suit in the Probate Court relating thereto, extrinsic evidence tending to show that the testator at the time he executed his will did not intend to exercise the power of appointment is inadmissible.

PETITION, filed in the Probate Court for the county of Middlesex on May 7, 1925, by the trustee and executor under the will of Walter Ela, late of Cambridge, against the trustee under a deed of Lucia Ela, late of Cambridge, the administrator with the will annexed of the goods not already administered of Richard Ela, late of Wareham, and others, to require the trustee under the deed to transfer to the petitioner one half of that trust fund by reason of the exercise of a power of appointment by the petitioner's testator in his will.

Pleadings, and proceedings and decrees entered in the Probate Court by order of *Leggat,* J., are described in the opinion. The administrator with the will annexed of the goods not already administered of the estate of Richard Ela appealed from both the interlocutory and the final decree.

*G. M. Palmer,* for the respondent administrator.

*W. Noyes,* for the petitioner.

CROSBY, J.  Lucia Ela, now deceased, by deed dated April 25, 1896, constituted her sons, Walter Ela and Richard

Ela, trustees for certain purposes which have since been accomplished. By the fourth clause it was provided that, after her death and after the death of Walter leaving no issue, the trustees were "to pay over one half of said fund to such persons and purposes as said Walter by his last will shall have appointed and in default of said appointment to such persons and purposes as said Richard shall by his last will hereafter made appoint, . . . ." By the eighth clause of the deed it was provided that "If said Richard shall die leaving no issue, then . . . to pay over said one half of said fund to such persons or purposes as said Richard shall by his last will hereafter made, appoint; and in default of said appointment to such persons and purposes as said Walter shall by his last will appoint . . . ." Richard and Walter both died testate, neither leaving issue.

Richard died May 22, 1923. By his last will he named Walter a cotrustee with John W. Hunter and Thomas W. Hovenden. By Item Five he gave to the trustees all his real and personal estate upon certain trusts, and then provided as follows: "Item Six. Having been given power of appointment by deed of Lucia Ela dated April 25, 1896, I appoint said trustees or trustee for the half according to Item 8 therein. Item Seven. Having been given power of appointment to the other half by item four of said deed of April 25, 1896, in default of appointment by Walter Ela, I hereby appoint said trustees or trustee for said half."

Walter Ela died on January 28, 1924. He appointed the Harvard Trust Company and one Nichols executors and trustees of his will, and therein recited "I give them all my property, real personal or mixed for the purposes hereinafter named."

It is the contention of the petitioner that the respondent, as trustee under the deed of Lucia Ela, holds certain property disposed of by the will of Walter under the above provision, which constituted the exercise of his power of appointment, under the deed of Lucia Ela, over one half of said trust property, and prays that he be ordered forthwith to convey, transfer and deliver the same to the petitioner as trustee under Walter's will, together with the rents, income and

profits accruing thereto. A final decree has been entered in the Probate Court in accordance with the prayer of the petition, from which the respondent has appealed.

As the income of the entire estate under the wills of both Richard and Walter is given to their brother Alfred during his life, he is not interested in the question now presented, the parties in interest being the equitable remaindermen named in the two wills after the termination of the life interest of Alfred.

The respondent Frost, as administrator *de bonis non* with the will annexed of Richard's estate, filed an answer admitting the facts above stated, and alleging other facts tending to show that at the time Walter executed his will he did not intend to exercise the power of appointment given to him by the deed of Lucia Ela. The petitioner excepted to the answer as "not sufficient in law to constitute any defence to said petition." This exception was allowed by the judge of probate, from which allowance the respondent appealed.

A stipulation was filed by the parties in the Probate Court by which it was agreed among other things that the case was heard "without proof of facts upon the question of law raised by the petition, the answer of Richard Ela's estate and the petitioner's exception to that answer."

An exception to an answer in equity will not lie under our present equity pleading or practice, *Pearson* v. *Treadwell,* 179 Mass. 462, 468, *Costello* v. *Tasker,* 227 Mass. 220, and the appeal from the interlocutory decree allowing the exceptions to the answer cannot be considered. The practice in probate follows that in equity so far as applicable. *Clark* v. *McNeil,* 246 Mass. 250, 254. The appeal from that interlocutory decree, therefore, is not properly before this court, either under the provisions of G. L. c. 214, § 19, or the provisions of G. L. c. 231, § 96, which, by the provisions of G. L. c. 231, § 144, are made applicable to proceedings in the probate courts. It follows that the case is before us solely on the appeal from the final decree. *Churchill* v. *Churchill,* 239 Mass. 443. *Boston Safe Deposit & Trust Co.* v. *Wickham,* 254 Mass. 471.

It is well settled that a devise of all one's property is presumed to include a general power of appointment, unless the contrary appears from the will. *Amory* v. *Meredith,* 7 Allen, 397. *Sewall* v. *Wilmer,* 132 Mass. 131, 134. *Stone* v. *Forbes,* 189 Mass. 163, 170. *Ames* v. *Ames,* 244 Mass. 381. *King* v. *Walsh,* 250 Mass. 462. This rule excludes extrinsic evidence tending to show that the testator meant to make a different disposition of his property from what appears on the face of the will. The rule, however, does not exclude evidence of the surrounding facts known to the testator; his purpose is to be gathered from the language of the will, taken in connection with the attendant circumstances. *Best* v. *Berry,* 189 Mass. 510, 512. *Ware* v. *Minot,* 202 Mass. 512, 516.

While the situation of the testator may be shown to ascertain what he intended to express by the language used, yet his declarations of his intentions are inadmissible. *Gould* v. *Chamberlain,* 184 Mass. 115, 121. Evidence tending to show the facts alleged in the respondent's answer was inadmissible and was rightly excluded by the judge of probate. The language in question is clear and there is nothing in other parts of the will to control the gift of all the property. Such evidence would have permitted the introduction of parol evidence to alter, control and contradict the terms of the will. In *Best* v. *Berry, supra,* it was said by Sheldon, J., at page 512, "And where, as here, there is no ambiguity on the face of the will taken in connection with all the surrounding facts, so that no doubt is raised as to the subject matter of the bequest or the identity of the legatee, extrinsic evidence of the intention of the testatrix is not admissible to control or alter her legal intent as manifested by the will itself." *Lincoln* v. *Perry,* 149 Mass. 368. *Moffatt* v. *Heon,* 242 Mass. 201, 205.

The rule of law that a gift by will of all the property of the testator is presumed to include a general power of appointment unless the contrary appears from the will itself was stated in *Amory* v. *Meredith, supra,* and has been uniformly followed in many subsequent decisions of this court.

*Exceptions to answer dismissed.*
*Final decree affirmed.*