RICHARD T. LOMBARD *vs.* JAMES L. WILLIS & others.

Middlesex.    March 22, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Devise and Legacy — Children.*

A testator, after giving, by a clause in his will afterwards revoked, the income of a part of his estate to a nephew for life, such portion to go at the nephew's decease to his children " who may be then living," gave the income of the residue to the nephew also for life with a devise over " at his decease " of such residue to his " children," without more. *Held,* that the devise included all the nephew's children living at the testator's death.

APPEAL from a decree of the Probate Court, upon a petition by Richard T. Lombard, trustee under the will of David Lincoln, that, by the eighth clause of the will, the residue of the estate vested in the children of James P. Willis who were living at the testator's death.  Hearing before *Knowlton,* J., upon the pleadings, and an agreed statement of facts, in substance as follows.

The will contained the following provisions, which alone are material:

" 2d. I give and bequeath to my nephew, James P. Willis of Sudbury, now residing in my house, the use, income, and improvement of all my real estate that may be in my possession at my decease, that is situated in the town of Sudbury, during his natural life, and at his decease I give and bequeath said real estate to the children of said James P. Willis (who may be then living) to be divided in equal shares between them."

" 8th. I give and bequeath to my nephew James P. Willis the use, income, and improvement of all the rest, residue, and remainder of my estate, both real and personal, of whatever name or nature, and wherever the same may be situated, (after paying the aforesaid legacies, debts, and charges of administration,) and at his decease I give and devise said estate to the children of said James P. Willis, to be equally divided between them, — meaning and intending hereby to exclude all my heirs not herein named from any part of my estate."

A codicil, annexed to the will, recited the ratification of the will in all respects, " save in particular so far as relates to the

disposition of my real estate, which may be in my possession at my decease, in the town of Sudbury, the use, income, and improvement of which is given by said will to my nephew James P. Willis of said Sudbury during his natural life, in which particular I hereby revoke and alter said will."

James P. Willis had five children living at the death of the testator, — James L. Willis, Adeline Parmenter, Charles P. Willis, Albert Willis, and Edward P. Willis. Albert Willis and Edward P. Willis died before their father, the former leaving a widow and one child, an administrator of his estate being duly appointed, and the latter leaving a widow only, who was appointed the administratrix of his estate.

The judge ordered the decree of the Probate Court to be affirmed, and the surviving children of James P. Willis appealed to the full court.

*G. C. Travis,* for the appellants.

*C. H. Pattee & G. E. Betton,* for the wife and administrator of Albert Willis.

*S. A. Phillips,* for the child and administrator of Albert Willis.

*C. H. Walcott,* for the widow of Edward P. Willis.

HOLMES, J. The eighth clause of the will, after giving the income of the residue to James P. Willis for life, proceeds, " And at his decease I give and devise said estate to the children of said James P. Willis, to be equally divided between them." These words, taken by themselves, include all the children living at the testator's death. The word " children," by itself, means all the children, as much as if they had been named. *Winslow* v. *Goodwin,* 7 Met. 363, 375. *Barton* v. *Bigelow,* 4 Gray, 353, 355. The only words which could raise a doubt whether only such children as should survive James P. Willis were meant, on the ground that the gift to them did not take effect until his death, are " at his decease." But these words are construed to refer to the time of payment or possession, and do not postpone the moment when the gift shall operate. So that the construction of the clause is settled. *Shattuck* v. *Stedman,* 2 Pick. 468. *Childs* v. *Russell,* 11 Met. 16, 23. *Wight* v. *Shaw,* 5 Cush. 56, 60. *Fay* v. *Sylvester,* 2 Gray, 171, 174. *Bowditch* v. *Andrew,* 8 Allen, 339, 342. *Pike* v. *Stephenson,* 99 Mass. 188, 190.

It is argued that we may look at the whole will in order to construe any particular part, and that, because another devise in the second clause (afterwards revoked) is limited to the children of James P. Willis who may be living at their father's decease, we should construe the gift in the eighth clause as limited to the same persons. The argument drawn from the second clause cuts both ways. It may be answered, with about equal force, that the omission in the eighth clause of the words " who may be then living," must be presumed to have been made understandingly, and shows a different intent from that expressed in the second. *Pike* v. *Stephenson, ubi supra.* Possibly, in truth, the testator did not think out the effect of his dispositions very carefully, or have the difference between the two clauses very clearly in mind. But this is simply speculation, and the only safe course is to confine ourselves to the words used in the particular limitation, when those words have a plain meaning. See *Giles* v. *Melsom*, L. R. 6 H. L. 24, 31.      *Decree affirmed.*