EDWIN A. HILLS *vs.* ELLEN H. BARNARD & others.

Suffolk.    March 28, 1890. — June 21, 1890.

Present : FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Devise — Vested Remainder — Per Capita and Per Stirpes — " Issue " —*
*Equity Practice and Pleading — Parties.*

A testator, by his will, created a trust fund, the income of which, and the principal
    if necessary, were to be used for the benefit of his son, at whose death without
    issue " one twelfth part " of the fund was devised to each of three persons named
    and to the " children " of a fourth named, and the eight twelfths remaining to
    " such as may be living " of certain nephews and nieces, " each individual
    nephew and niece to take an equal share, the issue of any deceased legatee to
    take its parent's legacy."   The son survived the testator and died without issue,
    leaving the fund unimpaired. *Held*, that " issue of any deceased legatee " must
    be taken to mean descendants taking by right of representation. *Held, also*,
    that the four twelfths of the fund vested absolutely in the persons designated,
    all having survived the testator, subject to the contingencies of the son's leaving
    issue and of the fund's being wholly expended, and, as neither contingency had
    happened, were to be paid over to them or to their legal representatives ; and
    that the eight twelfths were to go only to persons living at the death of the son,
    nephews and nieces, if there were any, taking *per capita*, and the issue of such
    as were deceased taking by right of representation.
If the parties to a bill in equity for instructions are very numerous, and all possible
    interests are represented by the persons before the court, it is not necessary to
    make other persons having similar interests parties defendant.

BILL IN EQUITY, filed on October 24, 1889, by the surviving trustee under the will of Benjamin Gorham, for instructions as to the disposition of the residue of the estate. The case was heard by *Field*, J., and was as follows.

Benjamin Gorham, who died on September 27, 1855, by his will gave all the residue of his estate in trust for his son, Benjamin L. Gorham, the trustees to have the exclusive control and management thereof, " and to pay over any of the income, or of the principal if necessary, from time to time, for the education or other wants of said B. L. Gorham, or his issue if he shall have any, as the trustees may think fit, any surplus income to fall into the trust fund; but it is my request and my will that from the income of said property, and from the principal if necessary, there shall be expended liberally from time to time whatever may be necessary to add to his comfort, or contribute to the gratification of his wishes and tastes; upon the death of my son, the trustees are to pay and transfer to his issue, if he shall leave any, all the trust fund real and personal estate in fee simple, discharged from all trusts."

The will also contained the following provisions, which alone are material: " If my son Benjamin should die without leaving issue, then whatever may remain of what I have given in trust for him and which may be remaining in trust, and whatever I may acquire in case he should die before me leaving no issue, I give and distribute in fee as follows: I give to Mrs. Elizabeth C. Dutton one twelfth part, and to her brother, the Rev. Mr. Lowell, one twelfth part, and to Mr. Francis C. Lowell one twelfth part, and the children of his sister Susan one twelfth part; the remaining eight twelfths I give in fee to such as may be living of the children of my brother Nathaniel Gorham, the children of my sister Mrs. Rebecca Parks, the children of my sister Mrs. Mary Bartlett, and the children of my sister Mrs. Lydia Phillips, each individual nephew and niece to take an equal share, the issue of any deceased legatee to take its parent's legacy."

Mrs. Elizabeth C. Dutton died in 1864, intestate, and there was no administrator of her estate; the Rev. Charles Lowell, who was the Rev. Mr. Lowell mentioned in the will, died in 1861, and the defendant James Russell Lowell, his son, was the surviving executor of his estate; Francis C. Lowell died in 1874,

and the defendant Edward J. Lowell, his son, was the executor of his estate; and Susan Cabot Lowell, who was the sister Susan mentioned in the will, had two children, of whom Susan Cabot Sohier died in 1868, and the other, John Lowell, was the executor of his sister, and one of the defendants. The nephews and nieces of the testator, children of Nathaniel Gorham, Mrs. Rebecca Parks, Mrs. Mary Bartlett, and Mrs. Lydia Phillips, died, some of them before the testator, without leaving issue, and all the remainder before his son Benjamin L. Gorham. Of the nephews and nieces who survived the testator and died before Benjamin L. Gorham, some left issue which also did not survive him; and others left numerous descendants immediate and remote, the parents of some of the more remote descendants being alive, and the parents of others being dead. Benjamin L. Gorham died on June 2, 1889, leaving no issue, and the trust fund remained undisposed of in the hands of the plaintiff, as the sole surviving trustee under the will.

An order of notice was issued to all persons interested to appear, and published, and more than one hundred persons were made parties defendant, either personally or as the executors or administrators of real or possible parties in interest, among them John Lowell, for himself and as executor of Susan Cabot Sohier; Henry R. Dalton, junior, for himself and as the executor of his mother, Elizabeth L. D. Dalton, whose father, a son of Mrs. Elizabeth C. Dutton, was dead; Sarah L. Barnard and others, whose parents were more immediate descendants of Rev. Charles Lowell, and were alive; Rebecca G. Kettell and others, whose parents, more immediate descendants of Mrs. Mary Bartlett, died before Benjamin L. Gorham; Charles P. Greenough, the administrator of Francis Vose, who died after his mother, Rebecca Vose, a daughter of Mrs. Mary Bartlett, and before Benjamin L. Gorham, leaving no issue; and Rebecca Eldredge and others, whose parents were more immediate descendants of Mrs. Rebecca Parks, and died before Benjamin L. Gorham.

The legal representatives of the legatees — Mrs. Elizabeth C. Dutton, Rev. Charles Lowell, Francis C. Lowell, and Susan Cabot Sohier — contended that the words " the issue of any deceased legatee to take its parent's legacy," in the will, did not apply to these legatees at all, and that their shares were payable

to them as such legal representatives; while the issue of these legatees contended that the words above quoted did apply to such legatees, and that their shares were payable under the will to such issue.

The living issue of deceased legatees contended that the words " such as may be living," in the residuary clause, meant such of the legatees as might be living at the death of Benjamin L. Gorham, and that they only were entitled to share in the trust fund; while the legal representatives of deceased legatees contended that the words above quoted meant snch as might be living at the death of the testator, and that they were entitled to share in the trust fund as such legal representatives.

The legal representatives of " issue " who had deceased after their parents, but before Benjamin L. Gorham, contended that the words " such as may be living " referred to nephews and nieces of the testator only; and that upon the death of a nephew or niece the interests of such issue vested immediately, and that such legal representatives were entitled thereto.

The issue of deceased legatees under the will, whose parents still living were also the issue of such legatees, contended that all the living issue of any deceased legatee were entitled to their ancestor's portion in equal shares *per capita;* while such of the issue of deceased legatees as had no such parents living contended that the issue of such legatees were entitled to share only by right of representation.

The judge ruled that it was not necessary to make other persons parties defendant, and reserved the case for the consideration of the full court.

*F. C. Lowell*, for the plaintiff, read the papers in the case.

*W. L. Putnam*, for Sarah L. Barnard and others.

*C. P. Greenough*, for Rebecca G. Kettell and others.

*C. P. Curtis, Jr.*, for the administrator of Francis Vose.

*H. Wheeler*, (*F. W. Hurd* with him,) for Rebecca Eldredge and others.

*W. C. Loring & R. S. Gorham*, for the executor of Elizabeth L. D. Dalton.

*J. C. Ropes*, for Henry R. Dalton, Jr.

FIELD, J.   The two clauses of the paragraph of the will which we are called upon to consider, as we construe them, differ in

this: in the first, the four twelfths of the trust property which might remain if Benjamin L. Gorham died without leaving issue were given absolutely to persons named or designated, and there is no provision that these persons must be living when Benjamin L. Gorham died; in the second, the remaining eight twelfths were given to such of certain persons designated as might be living when Benjamin L. Gorham died. It is only in the latter clause, therefore, that the testator would feel the need of providing for the issue of a legatee dying after his death and before that of his son, and we think that the provision for the issue of a deceased legatee must be confined to that clause.

The construction, therefore, which we give to this paragraph of the will is as follows. The persons to whom the first four twelfths were given, all having survived Benjamin Gorham, took on his death vested *interests* in the shares given them, subject to the contingency that Benjamin L. Gorham might die leaving issue, and to the further contingency that the whole trust fund might be expended for the use of Benjamin L. Gorham during his life. One twelfth part of the whole trust fund, therefore, should be paid to an executor of the will or to an administrator of the estate of Elizabeth C. Dutton, to be appointed; one twelfth to the executors of the will of Rev. Charles Lowell; one twelfth to the executor of the will of Francis C. Lowell; one twenty-fourth to John Lowell, and one twenty-fourth to John Lowell as executor of Susan Cabot Sohier. As to the remaining eight twelfths, only those persons take who were living when Benjamin L. Gorham died. These might be of two classes: first, the children then living of the four persons named, and, secondly, the issue then living of deceased children of these four persons. All would take as of the death of Benjamin L. Gorham, the former *per capita*, the latter by right of representation. These eight twelfths, therefore, must be divided into as many parts as there were children then living of these four persons, if there were any, and as there were such children who had died before Benjamin L. Gorham, but had issue living when he died. Children of these four persons who died without leaving issue who survived Benjamin L. Gorham are not to be reckoned, because neither they nor their issue survived him. We do not find that any of the children of these four persons who died before the

death of Benjamin Gorham, the testator, left issue who were living when Benjamin L. Gorham died, and the question does not arise whether such issue if then living would have taken or not. The words " deceased legatee " mean any child of any of the four persons named who had deceased before Benjamin L. Gorham's death, but who would have been a legatee if he or she had not deceased, and the clause should be construed as if it read, " the remaining eight twelfths I give in equal shares to each of the children of, etc., who may be living when my son Benjamin L. Gorham dies, and to the issue who may then be living of any deceased child of, etc., the issue taking by right of representation." Although the issue do not take from or through the nephew or niece whose issue they are, but directly under the will, yet they take in the same manner as if their shares had come to them from or through their parents. The issue of living issue of a deceased nephew or niece do not take, because all the issue take by way of representation. *Winslow* v. *Goodwin*, 7 Met. 363. *Childs* v. *Russell*, 11 Met. 16. *Gardner* v. *Hooper*, 3 Gray, 398. *Sears* v. *Russell*, 8 Gray, 86. *Thomson* v. *Ludington*, 104 Mass. 193. *Denny* v. *Kettell*, 135 Mass. 138. *Lombard* v. *Willis*, 147 Mass. 13. *Dexter* v. *Inches*, 147 Mass. 324. *Coveny* v. *McLaughlin*, 148 Mass. 576. *Fargo* v. *Miller*, 150 Mass. 225.

The questions upon which we have felt the most doubt are whether the words " the issue of any deceased legatee " must not be held to mean " children of a deceased legatee," and whether such children did not take vested interests immediately on the death of their father or mother. It is difficult to distinguish this case from *Martin* v. *Holgate*, L. R. 1 H. L. 175, which was followed in *Austin* v. *Bristol*, 40 Conn. 120. See also *In re Smith's trust*, 7 Ch. D. 665 ; *In re Orton's trust*, L. R. 3 Eq. 375. In *Martin* v. *Holgate*, the residue of the estate was given in trust to pay the income to the widow of the testator during her life, and after her decease to distribute it " amongst such of my said four nephews and two nieces [naming them] as shall be living at the time of her decease, in equal shares and proportions as tenants in common, and not as joint tenants; but if any or either of them should then be dead, leaving issue, then it is my will and meaning that such issue shall be entitled to their father's or mother's share, but in equal proportions." It was held that

" issue " meant " children"; that the gift to the issue was original, and not substitutional; and that the contingency in the gift to the nephews and nieces did not affect the nature of the gift to their issue, which was an independent bequest vesting in the issue immediately on the death of their parent in the lifetime of the widow. Before that decision the authorities in England had been conflicting, and they are all, or nearly all, reviewed in that case. There are some minute differences in the phraseology of the clause to be construed in the case at bar, and in that of the clause construed in *Martin* v. *Holgate*, but it is probable that they would not be regarded in England as sufficient to take the case out of the rule established in *Martin* v. *Holgate*. In that case, the only contingency which attached to the gift of the remainder was the uncertainty as to the particular persons of those named or designated who would take it.

In the case at bar it was uncertain whether any of the classes of persons designated would take anything, because it was uncertain whether Benjamin L. Gorham would die without leaving issue, and also uncertain whether any of the trust fund would remain unexpended at his death. There may be interests in a contingent remainder which are vested subject to the happening of the contingency, as we have held in this case in construing the first clause of the paragraph of the will under consideration; but the fact that there is a contingency affecting the estate, as well as a contingency affecting the persons who are to take it, may throw some light upon the intention of the testator as to the time when a legacy should be considered as vesting. In the case at bar we are not satisfied that the meaning of the word " issue " is to be restricted to that of children. Issue ordinarily means all lineal descendants. *Bigelow* v. *Morong*, 103 Mass. 287. *Hall* v. *Hall*, 140 Mass. 267. If a nephew or niece had died after the death of the testator and before that of Benjamin L. Gorham, leaving no child but a grandchild who survived Benjamin L. Gorham, we do not think that the testator intended that such grandchild should not take its grandparent's share. As was said in *Dexter* v. *Inches*, 147 Mass. 324, " We are of opinion that the word ' issue,' as here used, means descendants taking by way of representation," and as they are to take their " parents' legacy," we think that they must take it on the same contingency

as that on which their parent would have taken it, which is that of surviving Benjamin L. Gorham, and that the testator intended that all the persons who should take the eight twelfths of what remained of the property when Benjamin L. Gorham died, if he died without leaving issue, should be ascertained as of the same time, which is that of the death of Benjamin L. Gorham.

The ruling of the single justice upon the question of parties was correct.

A decree must be entered in accordance with this opinion, the details of which may be settled by a single justice.

*So ordered.*