H. CRAWFORD COATES & others, trustees, *vs.* EMMA BURTON & others.

Suffolk.     January 24, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Devise and Legacy.     Words,* "Issue", "Share and share alike."

In a will containing various provisions indicating a scheme that issue should take by right of representation, a provision that on the death of a daughter of the testator the share of which she had enjoyed the income should go "to her lawful issue share and share alike," was held to mean a distribution *per stirpes* and to exclude the child of a living child of the daughter.

BILL IN EQUITY, filed in the Probate Court for the county of Suffolk on April 27, and amended on May 22, 1905, by the trustees under the will of Gideon Skull Holmes, late of Boston, for instructions as to the distribution of a trust fund, under the provision of that will which is quoted in the first paragraph of the opinion, upon the death of Sarah T. Coates, a daughter of the testator who had enjoyed the income of the fund during her life, and who died on December 19, 1904, leaving seven children and one grandchild, Emma Burton, the minor daughter of Eliza-

beth Coates Burton, one of the seven children of Sarah T. Coates
still living.

In the Probate Court *Grant*, J. made a decree that the fund
be distributed among the children of Sarah T. Coates *per stirpes*
to the exclusion of the grandchild Emma Burton, the daughter
of a living child.   Emma Burton by George. L. Huntress, her
guardian *ad litem*, appealed.

The case came on to be heard before *Lathrop*, J., who reserved
it upon the petition as amended and the answers for determina-
tion by the full court, such decree to be entered therein as justice
and equity might require.

*G. L. Huntress*, guardian *ad litem* for Emma Burton.

*R. C. Clapp*, for the children of Sarah T. Coates other than
Emma Burton.

KNOWLTON, C. J.   The question before the court arises upon
the following language of the will of Gideon S. Holmes, late of
Boston, deceased : " Upon the decease of each of my said daugh-
ters Caroline or Sarah, after the decease of my wife my trustees
hereunder shall pay over a proportion of the principal of the said
fund of fifty thousand dollars, and said estate on Fort Avenue,
then in trust hereunder for their benefit equal to the proportion
of the income thereof which such daughter so dying shall at her
decease be entitled to receive, to her lawful issue share and
share alike, and in case of either or both dying without such
issue living at her decease, then to my then heirs at law in either
and all cases to have and to hold to them their heirs and assigns
to their own use and behoof forever."   The daughter Sarah has
lately deceased, leaving as her sole issue seven children, and a
grandchild, the daughter of one of these living children.   The
question is whether the share of which Sarah had the income is
to be divided into seven equal shares, one for each of her chil-
dren, or into eight equal shares, of which the grandchild shall
receive one.

In *Jackson* v. *Jackson*, 153 Mass. 374, where, under a will, the
share of a life tenant was to be given after her death to her issue,
she having died leaving children, and grandchildren who were
the offspring of one of her children then living, as well as a
grandchild who was the daughter of one of her deceased children,
it was held that the share was to be divided among the children

and the daughter of the deceased child taking by right of representation, to the exclusion of the grandchildren who were the offspring of a living child. Chief Justice Field said, after a review of the cases, " The tendency of our decisions has been more and more to construe ' issue,' where its meaning is unrestricted by the context, as including all lineal descendants and importing representation, and certainly, when the issue take as of a particular time after the death of the testator, and only the issue living at that time take, the issue of deceased issue take by a sort of substitution for their ancestors." In the present case the will is like that in *Jackson* v. *Jackson* in reference to the matter referred to in the last part of the above quotation. This is not a case where the issue take as of the death of the testator, but only those take who are living at Sarah's decease.

This decision exactly covers the case at bar, except that the present will contains the words "share and share alike." In *Hall* v. *Hall*, 140 Mass. 267, the shares of the life tenants were " to be equally divided among all such issue or children, share and share alike." It was held that the division should be among the children and the issue of deceased children, taking *per stirpes*. It was said, in the opinion, that the words " among all such issue or children share and share alike " do not " necessarily mean that each of such issue shall have an equal share with every other, or with a child. It is satisfied if all such issue share in a division which is equal as between the living children and the issue of deceased children taking *per stirpes*." *Dexter* v. *Inches*, 147 Mass. 324, and *Gardiner* v. *Savage*, 182 Mass. 521, are like *Jackson* v. *Jackson*, *ubi supra*, and *Hills* v. *Barnard*, 152 Mass. 67, is similar to it.

Other parts of the present will indicate that the words " share and share alike " are to be construed as they were in *Hall* v. *Hall*, *ubi supra*. The provision, quoted above from the will, is one of several provisions contained in the ninth clause, in which, with considerable fullness of statement, the testator provided for the disposition of the remainder in the shares given for life to his three children, respectively. Each of these shares was to go to the issue of the life tenant after his decease. There are four paragraphs, providing for different contingencies as to the order of decease, etc. All of them indicate a scheme that issue shall

take by right of representation.   In two paragraphs it is expressly said that the issue are to take by representation, while in two others, without any apparent reason for making a distinction, these words do not appear.   We think these provisions and the scheme of the will indicate that the testator did not intend, if his daughter should leave several children, and also grandchildren who were the children of one of these living children, that they should take *per capita,* so that one of the children and his descendants might receive as much as all of his brothers and sisters together.   We think the case should follow the decision in *Jackson* v. *Jackson.*

*Decree of Probate Court affirmed.*