Arthur B. Silsbee, trustee, *vs.* Martha Silsbee & others.

Suffolk. December 6, 1911. — February 28, 1912.

Present: Rugg, C. J., Morton, Hammond, Braley, & Sheldon, JJ.

*Devise and Legacy. Words, " Issue."*

A testator left four sons and two daughters, and gave one sixth of the residue of his estate to or for the benefit of each of his children. When the will was made both of his daughters were married. He provided for their shares of the residue in successive paragraphs. The second of these paragraphs, providing for the share of his daughter M, gave one sixth of the residue to trustees to pay the net income to such daughter during her life, and then provided as follows: "at her decease leaving issue, if said issue shall be under age at the time of her decease, my said trustees shall appropriate so much of said annual income as shall be necessary to their support and education until they shall arrive at the age of twenty one years, and shall divide and pay over the principal of said sixth part to and among said issue, as they respectively arrive at that age, in equal portions to their use and benefit forever." The preceding paragraph, which made a corre-

sponding provision for the testator's daughter H, was substantially similar in its language except that the distribution after the death of H was directed to be made among her "children," and the word "issue" was used in that paragraph interchangeably with the word "children" in such a way as to make it plain that it was used to mean children. The testator's daughter M, after enjoying the income of her share during her life, died leaving children and also grandchildren who were the children of a deceased child. *Held*, that the testator must be held to have used the word "issue" in the same sense in the corresponding provisions for his two daughters and therefore that the word must be given the meaning of children in the provision relating to the share of his daughter M, so that the distribution on her death should be made among her surviving children excluding the children of her deceased child.

BILL IN EQUITY, filed in the Supreme Judicial Court on May 19, 1911, by the trustee under the will of Michael Shepard, late of Salem, who died on October 10, 1856, for instructions as to the distribution of one sixth part of the residue of the estate of the testator.

The case came on to be heard before *Morton*, J., who at the request and with the consent of all parties interested reserved it upon the bill and answers for determination by the full court.

The whole of that portion of the will which disposed of the residue of the estate of the testator was as follows:

"And as to all the rest residue & remainder of my estate & property, real & personal, of every name and nature, I hereby give devise & bequeath the same as follows viz.

"I give devise & bequeath one undivided sixth part thereof unto my son Thomas Perkins Shepard To have & to hold the same to him his heirs & assigns forever.

"I give devise & bequeath one sixth part thereof unto my son Michael Webb Shepard, To have & to hold the same to him, his heirs & assigns forever.

"I give devise & bequeath one sixth part thereof unto my son Henry Fairfax Shepard, To have & to hold the same to him, his heirs and assigns forever.

"I give devise & bequeath unto Thomas Perkins Shepard, Michael Webb Shepard and John B. Silsbee one sixth part of said residue, To have & to hold the same to their heirs and assigns, upon the following trusts to wit; That my said trustees shall pay over the net annual income thereof to my daughter Harriet C. Bolles wife of Matthew Bolles of Boston, every year during her natural life, and upon her decease leaving issue my said trustees

shall appropriate so much of said annual income as shall be necessary for the support and education of her children until they shall arrive at the age of twenty one years, & shall divide & pay over the principal of said sixth part to and among said children as they respectively arrive at that age, in equal portions to their use & benefit forever.  And if my said daughter shall decease leaving no issue, then my said trustees shall pay over the said one sixth part equally among her heirs according to law.  And the seperate receipt of my said daughter shall be a full discharge to my said trustees, said payments being made for her sole and seperate use. ·

"I give devise & bequeath unto T. P. Shepard, N. Webb Shepard and Jno. B. Silsbee one sixth part thereof, to have and to hold the same to them and their heirs and assigns upon the following trusts, to wit, that my said trustees shall pay over the net annual income thereof to my daughter Martha M. Silsbee wife of John B. Silsbee of said Salem, during her natural life; and at her decease leaving issue, if said issue shall be under age at the time of her decease, my said trustees shall appropriate so much of said annual income as shall be necessary to their support and education until they shall arrive at the age of twenty one years, and shall divide and pay over the principal of said sixth part to and among said issue, as they respectively arrive at that age, in equal portions to their use and benefit forever.  And if my said daughter shall decease without issue, then my said trustees shall pay over said income to my said daughters said husband, during his natural life; and upon his decease the principal shall be divided among her heirs according to law.  And the seperate receipt of my said daughter shall be a full discharge to my said trustees; said payments being for her sole & seperate use.

"I give devise & bequeath the other sixth part of said residue unto Thos. Perkins Shepard, Michael Webb Shepard, Henry F. Shepard & John B. Silsbee, To have & to hold the same to them & their heirs and assigns upon the following trust, viz. That the said trustees shall apply & appropriate so much of the net income of said one sixth part of said residue as may be necessary for the maintainance and education of my son George Leonard Shepard until he arrives at the age of twenty one years, and shall upon his arriving at that age pay over, the full amount of said one sixth part of said residue, and any accumulation of interest, To have &

to hold the same to him & his heirs & assigns forever. And if my said son shall decease before arriving at the age of twenty one years, then the whole of the sixth part of said residue, together with any accumulation of interest, as devised & bequeathed for the benefit of such son shall be equally divided among his heirs according to law."

*H. W. Palmer,* for the plaintiff, stated the case.

*R. F. Sturgis,* for the surviving children of Martha M. Silsbee.

*H. J. Coolidge,* for grandchildren of Martha M. Silsbee, children of a deceased daughter.

MORTON, J. This is a bill for instructions as to the construction of the following clause in the will of Michael Shepard, late of Salem: "I give devise & bequeath unto T. P. Shepard, M. Webb Shepard and Jno. B. Silsbee one sixth part thereof [the rest and residue], to have and to hold the same to them and their heirs and assigns upon the following trusts, to wit, that my said trustees shall pay over the net annual income thereof to my daughter Martha M. Silsbee wife of John B. Silsbee of said Salem, during her natural life; and at her decease leaving issue, if said issue shall be under age at the time of her decease, my said trustees shall appropriate so much of said annual income as shall be necessary to their support and education until they shall arrive at the age of twenty one years, and shall divide and pay over the principal of said sixth part to and among said issue, as they respectively arrive at that age, in equal portions to their use and benefit forever. And if my said daughter shall decease without issue, then my said trustees shall pay over said income to my daughters said husband, during his natural life; and upon his decease the principal shall be divided among her heirs according to law."

Martha M. Silsbee died on February 28, 1911, leaving three children surviving her, Arthur B. Silsbee, Martha Silsbee and Thomas Silsbee, and three grandchildren, the children of a deceased daughter, and no other children or grandchildren.

The question is whether the word "issue" is to be construed as meaning children, or whether it should be construed as in *Jackson* v. *Jackson,* 153 Mass. 374, to include all lineal descendants and as taking *per stirpes.* It is said in that case that when personal property is given in trust to pay the income to a person during life and on his death to pay the principal to his issue then living,

it will be presumed that the intention was that issue should include all lineal descendants, and that they should take *per stirpes* unless a contrary intention appears from other language in the will. We think that there is other language in the will in this case indicating that the word was used as meaning children, and we feel constrained to give it that meaning notwithstanding that the result will be to deprive the grandchildren of the share which their mother would have taken if she had survived Mrs. Silsbee. The testator left six children, four sons and two daughters. He intended substantial equality between them. What was given to the sons out of the residue as well as out of the body of the estate was given to them outright, except that in the case of the youngest son the gift was contingent on his arriving at twenty-one years of age. Certain real estate was given to the two daughters, Mrs. Bolles and Mrs. Silsbee, absolutely; but their shares in the residue were given in trust for their benefit, the same persons being named trustees in both cases. It is plain, we think, that in the clause relating to Mrs. Bolles the words "issue" and "children" are used interchangeably and as synonymous. The testator directs the trustees to pay over the net annual income to his daughter Harriet C. Bolles during her life, "and upon her decease leaving issue my said trustees shall appropriate so much of said annual income as shall be necessary for the support and education of her children until they shall arrive at the age of twenty one years, & shall divide & pay over the principal of said sixth part to and among said children as they respectively arrive at that age. . . . And if my said daughter shall decease leaving no issue, then my said trustees shall pay over the said one sixth part equally among her heirs according to law." It is evident, we think, as we have said, that in the two instances in which it is here used the word "issue" means "children." Having used it in that sense in the clause relating to Mrs. Bolles, there is no reason why the testator should have used it in any other sense in the clause relating to Mrs. Silsbee which immediately follows that relating to Mrs. Bolles. No reason is shown for making any difference between Mrs. Bolles and Mrs. Silsbee in this respect, and the more natural and reasonable construction seems to us to be that which leads to the conclusion that the testator used the word "issue" in the same sense in both clauses. The case is different from *Jackson* v. *Jack-*

*son*, 153 Mass. 374, and from *Coates* v. *Burton*, 191 Mass. 180, in that there was nothing to show in those cases that the word "issue" was used in any other sense than as including all lineal descendants. If the clause containing the gift to Mrs. Silsbee had stood alone the case would have been governed by *Jackson* v. *Jackson, supra*. The case is also unlike cases of which *Carter* v. *Bentall*, 2 Beav. 551, is an example, where the use of the word "issue" in the disposition of one portion given by the will is accompanied by expressions which show that it is there limited to children, and in the disposition of another portion the word is not only unaccompanied by such expressions but the disposition is itself radically different from that wherein the expressions showing that the word was limited to children occurred. In the present case Mrs. Bolles and Mrs. Silsbee are each given a sixth of the residue, and the general character of the gift is the same in both cases.

It is to be noted that construing the word "issue" as meaning "children," those who take will be the same in the case of both Mrs. Bolles and Mrs. Silsbee, namely, those who survive the life tenant.

We have not deemed it necessary to take up and consider here the numerous cases which have been relied on upon one side and the other. We find nothing in those relied on by the grandchildren inconsistent with the conclusion here arrived at.

> *Decree to be entered in favor of the three surviving children of Mrs. Silsbee.*