FRANCIS C. WELCH & others, trustees, *vs.* ELIZABETH M. COLT, executrix, & others.

Suffolk. October 19, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCEY, PIERCE, & CARROLL, JJ.

*Devise ˙and Legacy. Words,* "Issue."

Estates given by a will are regarded as vesting immediately unless the testator by clear words has manifested an intention that the vesting shall be contingent upon a future event.

A testator, having provided for the division of the residue of his estate into five equal parts, one for each of his four living children and one for the children of a deceased child, provided as follows: "And upon the decease of either of my said children, the proportion of said balance of income herein made payable to them respectively, during their respective lives, is thereafter to be used and appropriated by said trustee for the use & benefit of their respective children, . . . and each of my grandchildren, on arriving at the age of twenty-one years is to receive his or her share or proportion of said rest, residue & remainder of my estate. . . . In the event of the decease of either of my children without leaving lawful issue, then I give, devise and bequeath the share of said rest, residue & remainder to which the issue of such deceased child would have been entitled, had such child died leaving issue, to his or her heirs at law." The only child of one of the daughters of the testator died testate before her mother, having arrived at the age of twenty-one years and leaving issue. *Held,* that the interest in remainder of this grandchild of the testator vested immediately upon the testator's death and was not contingent upon such grandchild surviving her mother, and therefore was disposed of by such grandchild's will.

In the same will, the provision made for another of the testator's daughters gave the trustee the power to sell the real estate occupied by her as a home, of which she was given the use during her life, and provided that such power should be exercised only with the consent in writing of that daughter of the testator without requiring the consent of such of her children as should have reached the age of twenty-one years. *Held,* that this provision did not show that the testator did not regard the children of that daughter as having a vested interest in such real estate during the life of their mother.

In the same case it was *held* that, in the expression "In the event of the decease of either of my children without leaving lawful issue," the testator used the word "issue" in its ordinary sense of all lineal descendants and not as meaning children.

The word "issue" in a will is to be construed in its common acceptation to include all lineal descendants unless the circumstances indicate a clear intention of the testator to give the word a meaning other than its common one.

BILL IN EQUITY, filed in the Probate Court for the county of Suffolk, by the trustees under the will of Stephen Westcott, late of Boston, who died on June 13, 1874, for instructions as to the distribution of the residue of his estate.

The Probate Court made a decree that the heirs at law of Emma W. Bullock, namely, Edith Russell Chesebrough and Westcote Herreshoff Chesebrough, were entitled to the personal property in the hands of the plaintiffs as trustees under the will of Stephen Westcott, the income of which was paid to Emma W. Bullock during her life. Elizabeth M. Colt, executrix of the will of Emma Russell Chesebrough and the Rhode Island Hospital Trust Company, the trustee under that will, appealed from the decree.

The case came on to be heard upon the pleadings and an agreed statement of facts before *Crosby, J.,* who reserved it for determination by the full court.

*W. R. Tillinghast* (of Rhode Island) & *B. Corneau,* for the defendants Elizabeth M. Colt, executrix, and the Rhode Island Hospital Trust Company.

*A. F. Flint,* for the defendants Edith R. Chesebrough and Westcote H. Chesebrough.

*F. C. Welch,* for the plaintiffs, submitted a brief.

Rugg, C. J. This is a bill by the trustees under the will of Stephen Westcott, who died in 1874, for instructions as to the distribution of a part of his estate.

That will gave the residue of the estate to trustees. The income was divided into five equal parts (with certain deductions and annuities not now material), the income of four such parts was given to each of four children of the testator during their respective lives, and that of the other fifth part to the children of a deceased daughter. This bill concerns the share of a daughter, as to which the decisive words of the will are, "One fifth part of such balance [of income of the residue] to be paid, quarter-yearly to my daughter Emma, wife of J. Russell Bullock, during her life . . . it being my will that all my children are to share equally (making allowance for the indebtedness of my respective children or sons in law, as hereinbefore explained) in the income and interest of said rest, residue and remainder of my estate, and that their children, at their majority, shall also share equally, *per stirpes,* in said rest, residue & remainder, allowing for such indebtedness. And upon the decease of either of my children, the proportion of said balance of income herein made payable to them respectively, during their respective lives, is thereafter to be used and appropriated by said trustee for the use & benefit of their respective children, during

their minority, who are to take, collectively, the same share of such balance, as their parent, my child, is entitled to receive under this will: and each of my grandchildren, on arriving at the age of twenty one years is to receive his or her share or proportion of said rest, residue & remainder of my estate, made up as above provided: such share or proportion to be ascertained and determined as above provided, and all my grandchildren to take *per stirpes* and not *per capita*.

"In the event of the decease of either of my children without leaving lawful issue, then I give, devise and bequeath the share of said rest, residue & remainder to which the issue of such deceased child would have been entitled, had such child died leaving issue, to his or her heirs at law."

The pertinent facts with reference to which these testamentary words must be interpreted are that the testator's daughter, Mrs. Emma Bullock, died in 1916. Her only child, Emma Russell Chesebrough, born in 1869, died testate in 1908, having arrived at the age of twenty-one years, and leaving two minor children, who are still living.

The question is whether, under the will of her grandfather, Mrs. Chesebrough took a vested remainder, or whether her interest was contingent upon her surviving her mother, and was divested by her decease before her mother. If it was a vested remainder, it passed under her will; if it was contingent or divested, it passed to other persons.

It was said by Mr. Chief Justice Knowlton, in *Bosworth* v. *Stockbridge*, 189 Mass. 266, 267, "The general rule is familiar, that in cases of doubt in the construction of wills the law favors the creation of vested rather than contingent estates. Speaking more specifically, in the language of Mr. Justice Gray in *McArthur* v. *Scott*, 113 U. S. 340, 378, 'it has long been a settled rule of construction in the courts of England and America that estates, legal or equitable, given by will, should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event.' This is the law of Massachusetts, controlling the later as well as the earlier decisions. *Abbott* v. *Bradstreet*, 3 Allen, 587. *Merriam* v. *Simonds*, 121 Mass. 198. *Minot* v. *Tappan*, 122 Mass. 535. *Hills* v. *Simonds*, 125 Mass. 536. *Teele* v. *Hathaway*, 129 Mass.

164, 165. *Loring* v. *Carnes*, 148 Mass. 223. *Shaw* v. *Eckley*, 169 Mass. 119. *Pierce* v. *Knight*, 182 Mass. 72. *Smith* v. *Smith*, 186 Mass. 138." To the same effect are *Whitman* v. *Huefner*, 221 Mass. 265, 267, *Blume* v. *Kimball*, 222 Mass. 412, *Linscott* v. *Trowbridge*, 224 Mass. 108, *Porter* v. *Porter*, 226 Mass. 204. The principle is firmly established. It is, however, a rule of interpretation and hence must yield where there is disclosed a clear testamentary design that the estate should not vest until the death of the life tenant.

The basic purpose of this will is an equal division of the estate among the five branches of the testator's family, his four living children and his grandchildren, the issue of a deceased child. This purpose is carried out by giving income to his children during life, income to children of his deceased children until they reach the age of twenty-one years, and principal to such grandchildren when they reach that age. This purpose ordinarily can be accomplished more directly and with less probability of complications by the vesting of the several interests in the grandchildren *per stirpes* rather than by holding the matter in uncertainty until the termination of the life estate. The words "upon the decease of either of my children" as preface to the direction of distribution, do not express a contingency, but refer to an inevitable future event. They do not fix the time when the remaindermen are to be ascertained, or when their titles spring into existence, but only when the possession and enjoyment of the shares is to begin. They do not postpone the instant when the gift shall take effect, but refer only to the time of payment. *Pike* v. *Stephenson*, 99 Mass. 188, 190. *Lombard* v. *Willis*, 147 Mass. 13. *Ball* v. *Holland*, 189 Mass. 369. *Boston Safe Deposit & Trust Co.* v. *Nevin*, 212 Mass. 232, 237.

The provisions of the will having particular reference to those grandchildren of the testator who were children of a deceased daughter, relate to circumstances differing from those of his other children and hence have only a remote bearing upon the construction of other parts of the will. But it is plain that the interest of each of these grandchildren vested beyond possibility of divestment upon reaching the age of twenty-one years.

The argument sought to be deduced from the ninth section of the will appears to be of no weight. That argument is that, since in that clause the trustee is given power to sell real estate occupied

as a home by the testator's daughter Harriet, and of which she is given the life use, with her written consent, and that the consent of her children who have reached the age of twenty-one years is required only in the event of her death, this shows that the testator did not regard such children as having a vested interest during the life of their mother even though they were over twenty-one years old.   But it is manifest that decisive reasons might induce such a provision quite apart from any thought that the interest of the children of Harriet was contingent upon their surviving their mother.

The word "issue" ordinarily means all lineal descendants. *Jackson* v. *Jackson,* 153 Mass. 374, 377.   *Hills* v. *Barnard,* 152 Mass. 67, 73.   *Matter of Farmers' Loan & Trust Co.* 213 N. Y. 168, 172.   It is not usually equivalent to children, but is more comprehensive.   *Holland* v. *Adams,* 3 Gray, 188, 193.   *Dexter* v. *Inches,* 147 Mass. 324.   *Hall* v. *Hall,* 140 Mass. 267.   This will does not show that the testator used the word "issue" as being synonymous with children or as having any other than its common meaning. In all the cases where it has been held that in the particular context "issue" had the same significance as children, expressions have occurred elsewhere in the will indicative of an intent to employ the word in a narrow sense as meaning children.   Such, for example, were *Silsbee* v. *Silsbee,* 211 Mass. 105, 109, and *Martin* v. *Holgate,* L. R. 1 H. L. 175.   Unless the circumstances manifest a testamentary purpose to attribute to the word "issue" a signification other than its common one, it will be construed as including lineal descendants.   The testator's daughter, Mrs. Bullock, did not decease "without leaving lawful issue," but on the contrary left two grandchildren, the children of her deceased daughter.   The event upon which the gift over might have operated never happened.   In principle the case at bar is indistinguishable from numerous decisions.   See, in addition to those before cited, *Marsh* v. *Hoyt,* 161 Mass. 459, and *Soper* v. *Brown,* 136 N. Y. 244.

It becomes unnecessary to consider the question raised by the appeal of the guardians of the children of Mrs. Chesebrough.

*Decree of Probate Court reversed.*