Roy Garrett Watson & others, executors, *vs.*
Dana Goldthwaite & others.

Norfolk.    December 6, 1961. — July 27, 1962.

Present: Wilkins, C.J., Spalding, Williams, Whittemore,
& Spiegel, JJ.

*Devise and Legacy,* Issue, Income beneficiary, Class, Construction favoring
   validity, Extrinsic evidence affecting construction. *Rule against Per-
   petuities. Evidence,* Extrinsic affecting writing. *Equity Jurisdiction,*
   Instructions. *Words,* "Issue," "Parent," "Per stirpes."

At the trial of a petition for instructions involving the meaning of the
   word "issue" in a will, testimony as to written instructions from the
   testatrix to her lawyer in connection with the drafting of an earlier will
   was improperly admitted in evidence.    [32, 33]
In a will providing that one of several shares of the income of a residuary
   trust established thereunder should be divided equally between two
   cousins of the testatrix "during their lives, and upon the death of each,
   his or her issue . . . [should] take the deceased parent's . . . [portion]
   per stirpes during their lives," and that the trust should terminate and
   the principal be transferred to certain religious organizations "upon
   the death of all the [income] beneficiaries" of the trust, the word "issue"
   meant all lineal descendants of the cousins, but, in order to avoid in-
   validity under the rule against perpetuities, it must be held that the
   class of descendants of each cousin would close upon his or her death.
   [34–35]
Enabling executors to prepare a United States estate tax return for the
   estate of a testatrix who left to religious organizations the remainder
   interest in a residuary trust established by her will was a sufficient
   reason for giving instructions as to the proper construction of the will
   respecting the classes of persons entitled to income of the trust under a
   gift of income, upon the death of each of two living life beneficiaries, to
   "his or her issue . . . per stirpes during their lives."    [31, 35]

Petition filed in the Probate Court for the county of Nor-
folk on May 23, 1960.

The case was heard by *Reynolds,* J.

*Stephen W. Howe* stated the case.

*John H. Linsley,* guardian ad litem, pro se.

*Frederick D. Herberich,* guardian ad litem, pro se.

*Arthur W. Eckman & Glenn S. Kenngott* for The First Church of Christ, Scientist, in Boston, and *Edward J. McCormack, Jr.,* Attorney General, *& Marion R. Miller,* Assistant Attorney General, submitted a brief.

WILLIAMS, J. This is a petition by the executors of the will of Esther Dimick, late of Wellesley, who died on November 23, 1959, leaving a will which had been executed on March 30, 1949, for instructions as to the persons who will or may hereafter be entitled to share in the distributions of the net income of a trust created by article Fifth, subsection (a), of the will.

After three individual monetary legacies and a legacy of her jewelry to her executors, the testatrix provided that the rest, residue, and remainder of her estate be left to the persons who at the time of her death shall be serving as Trustees of the Christian Science Trustees for Gifts and Endowments in trust to pay the net income thereof to friends and relatives. She divided the income into twelve shares, labeled alphabetically from (a) to (l), in eight of which the beneficiaries were left one tenth of the net income, and in four of which one twentieth. In all of the subsections except (a), (b), and (g) the fractional share of the net income was left to a named beneficiary for life. In (a) the fractional share was left as follows: "One-tenth (1/10) of said net income to be divided equally between Dana Goldthwaite and Hilda Shortt, of Wentworth, New Hampshire, share and share alike, during their lives, and upon the death of each, his or her issue to take the deceased parent's share per stirpes during their lives, and in default of any issue of either, the other, if living, or if the other is not living, the issue of the other, shall take the share of the one dying without issue." In (b) the share was left to Mildred Doyle, a cousin, for life and after her decease to her son, Albert Doyle, during his lifetime. In (g) the share was left to Matthew Kirkpatrick for life and after his death to his wife, Helen, during her lifetime.

Hilda Shortt and Dana Goldthwaite were cousins once removed. The only other relatives named were another cousin, Daniel D. Dimick, in subsection (d), and a cousin

once removed, Phyllis Smith, in subsection (c).

Subsection (m) provided: "Upon the death of the last beneficiary of each or any of the above fractional bequests in this section Fifth, including those beneficiaries in paragraphs naming only one, the shares of the net income of the remaining beneficiaries shall be proportionately increased, maintaining, however, the same distinction as before, namely, that those designated above to receive one-tenth shall now still receive twice as much as those designated to receive one-twentieth, and upon the death of all the beneficiaries provided for in this trust it shall terminate, and the principal of the trust, together with all accumulations thereof, shall be paid over as follows: (1) Ten Thousand ($10,000) Dollars to the First Church of Christ, Scientist, in Cambridge, (2) Two Thousand ($2,000) Dollars to the Christian Science Society . . . of Wolfeboro, New Hampshire, [and] (3) . . . the balance of said trust and its accumulations, together with all the rest, residue and remainder of my estate . . . to The Mother Church, The First Church of Christ, Scientist, in Boston, . . . to be used as may be determined by the Board of Directors of said Church for the purpose of promoting and extending the religion of Christian Science as taught by Mary Baker Eddy."

The purpose of the petition was to enable the executors to prepare a return of the estate of the testatrix for purposes of the United States estate tax and to enable them to claim in such return a proper deduction with respect to the remainder interest in the trust. See Int. Rev. Code of 1954, § 2055.

Two guardians ad litem were appointed, Mr. Herberich to represent the minor children of Dana Goldthwaite and Mr. Linsley to represent unascertained persons who are or may become interested in the petition and minor grandchildren of Hilda Shortt.

It was stipulated by the parties that the testatrix had been a member of The First Church of Christ, Scientist, in Boston since 1912 and a member of the Cambridge church since 1911.

When the will was executed, both Hilda and Dana were living. Hilda had four living children: Anne B. Rich born in 1930, James Lincoln born in 1933, Jane Hunt born in 1934, and Joyce Guzman-Perry born in 1935. Dana had two living children: Danalee born in 1944 and Noel born in 1947. When the testatrix died in November, 1959, Hilda had eight grandchildren and Dana had none.

At a hearing before the judge of Probate, Mr. Myron E. Pierce testified, subject to the exceptions of Mr. Linsley, that he drew a former will of the testatrix which was executed on December 5, 1941, and in drafting that will used written instructions from Miss Dimick, which in part provided that one tenth of the trust income should "be paid to Mrs. Dema P. Goldthwaite of Wentworth, N. H. as long as she lives. Upon her death the income to be equally divided between her son, Dana Goldthwaite, and her daughter, Hilda Parrish, and upon their death to pass on to their children." Mr. Pierce further testified that he did not remember receiving any oral instructions from the testatrix before the preparation of the 1949 will but that in the 1949 will he followed the same testamentary plan as in the 1941 will except for changes in the names of some of the beneficiaries.

The judge entered a decree "that the word 'issue' as used in the will . . . means 'children,' and that the class of takers under paragraph (a) of section Fifth . . . was intended to and did close, and was determined, at the date of the testatrix' death . . . that the net income from time to time payable under paragraph (a) . . . shall be paid as follows: one-half thereof (or the whole thereof if and when none of Hilda G. Brooks and her children, Anne B. Rich, James Lincoln, Jane Hunt and Joyce Guzman-Perry, is living) to Dana Goldthwaite while he is living and from and after his death in equal shares to his children Danalee Goldthwaite and Noel Goldthwaite during their joint lives and thereafter to the survivor during his or her lifetime, and one-half thereof (or the whole thereof if and when none of Dana Goldthwaite and his said named children is living) to Hilda G. Brooks while she is living and from and after

her death to such of her said named children and the survivors or survivor thereof as are or is from time to time living, in equal shares while more than one of them are living; and that the trust established by said section Fifth shall terminate upon the death of the last to die of Dana Goldthwaite, Hilda G. Brooks, their respective children hereinbefore named and all beneficiaries named in paragraphs (b) through (1), inclusive, of said section Fifth."

Mr. Linsley as guardian ad litem appealed from the decree.

The ultimate, and doubtless the dominant, purpose of the testatrix in creating a trust of the residue of her estate was to promote the religion of Christian Science by furnishing aid to the three Christian Science churches named in her will. In the interim between her death and the distribution of the principal of the trust, she provided for the disposal of its income by giving to a number of life beneficiaries the shares hereinbefore described. It is plain that the method she adopted for the payment of income was the result of careful planning on her part. The only problem as to her intent is the construction of the word "issue" as used by her in connection with the allotment of that share of the income to which reference is made in subsection (a). "Issue" is a technical word and when used in a testamentary document ordinarily includes all lineal descendants. *Jackson* v. *Jackson,* 153 Mass. 374, 377, 378. *Coates* v. *Burton,* 191 Mass. 180, 182. *Welch* v. *Colt,* 228 Mass. 511, 515. *Boston Safe Deposit & Trust Co.* v. *Park,* 307 Mass. 255, 260. *Young* v. *Jackson,* 321 Mass. 1, 5–6. *Welch* v. *Phinney,* 337 Mass. 594, 596–597. Restatement: Property, § 292, § 301, comment h, § 303, comment d. This is a rule of construction and the word may mean "children" depending on the context. *Silsbee* v. *Silsbee,* 211 Mass. 105.

In determining the sense in which the testatrix used the term we must disregard the testimony pertaining to her written instructions as it was improperly admitted in evidence. *Boston Safe Deposit & Trust Co.* v. *Prindle,* 290 Mass. 577, 581–582. See *Best* v. *Berry,* 189 Mass. 510, 512; *Polsey* v. *Newton,* 199 Mass. 450, 455; *Saucier* v. *Saucier,*

256 Mass. 107; *Calder* v. *Bryant,* 282 Mass. 231, 239; *Mahoney* v. *Grainger,* 283 Mass. 189, 192; *Keith* v. *Worcester County Trust Co.* 338 Mass. 41, 43; *Whitbeck* v. *Aldrich,* 341 Mass. 326, 329. It is not apparent from the will itself as in *Silsbee* v. *Silsbee, supra,* that issue was intended to be limited to children. The provision that, upon the death of each life beneficiary, his or her issue shall take the "deceased parent's share per stirpes" does not imply such intended limitation. While the word "parent" is commonly used as a correlative of children, it may also mean ancestor. See *Jackson* v. *Jackson,* 153 Mass. 374, 377; *Boston Safe Deposit & Trust Co.* v. *Park,* 307 Mass. 255, 260. The use of the term "per stirpes" indicates that descendants of Hilda and Dana were meant to share by representation. The words would be unnecessary if applied only to children.

We think that "issue" should be construed in its ordinary sense as meaning all lineal descendants. Such construction requires determination of the time when the classes of beneficiaries who are such descendants will close. If all generations of lineal descendants whenever born should take, it is probable that interests will vest beyond the time permitted by the rule against perpetuities. If any interests are voided by the rule, the entire bequest to issue will be imperiled under the doctrine of *Leake* v. *Robinson,* 2 Meriv. 363, that where a devise is given to a class of persons answering a given description, and any member of that class may possibly have to be ascertained at a period exceeding the limits allowed by law, and is therefore incapable of taking, the whole devise is void. See *Hills* v. *Simonds,* 125 Mass. 536, 539; *New England Trust Co.* v. *Sanger,* 337 Mass. 342, 349; *Lockhart's Estate,* 306 Pa. 394, 404. We have said that "if there are two or more reasonable interpretations of a dispositive scheme, one of which does not result in holding . . . interests void under the rule against perpetuities when others do so, the interpretation leading to a holding of validity should be adopted, if consistent with the . . . [testatrix's] general intention and

with the public policy behind the rule itself." *Second Bank–State Street Trust Co.* v. *Second Bank–State Street Trust Co.* 335 Mass. 407, 412. This threatened invalidity justifies a limitation of the period during which the classes can increase in membership. See Restatement: Property, § 295, comment s. There is no reason why the classes should not remain open to take in descendants born during the lives of Hilda and Dana. We think it should be held that the classes will close upon their respective deaths. *Hall* v. *Hall,* 123 Mass. 120, 124. *Lovering* v. *Lovering,* 129 Mass. 97, 100. Restatement: Property, § 295. Am. Law of Property, § 22.43. Casner, Class Gifts to others than to "Heirs" or "Next of Kin" Increase in the Class Membership, 51 Harv. L. Rev. 254, 264.

The executors request that they be instructed "as to what persons, being issue now living or hereafter born of the respondent Dana Goldthwaite or of the respondent Hilda G. Brooks, will or may hereafter be entitled to share in the distributions of the net income of the trust estate under the provisions of subsection (a) of Section Fifth of the will of the testatrix . . . [and] [i]f it be decreed that any person unborn will or may hereafter be entitled to share in the distributions of the net income of the trust estate under the provisions of said subsection (a), instruct your petitioners further as to the event or events which would terminate the interest of each such person respectively." Although the executors are asking for a determination of future interests, this is an appropriate case in which instructions may be given so far as they concern the construction of the will. *Second Bank–State Street Trust Co.* v. *Second Bank–State Street Trust Co.* 335 Mass. 407, 409. Because of the uncertainties of the future, we are unable to instruct the executors as to what events will terminate the interests created by the bequests to the issue of Hilda and Dana.

The decree of the Probate Court must be reversed and the case remanded to that court for the entering of a decree in conformity with this opinion.

*So ordered.*